Commonwealth *v.* J. & A. Moeschlin, Inc. (et al., Appellant).

Argued November 28, 1933.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*H. S. Knight,* of *Knight & Kivko,* for appellant.

*S. M. R. O'Hara,* Deputy Attorney General, with him *Richard Henry Klein, Wilhelm F. Knauer,* Special Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for appellee.

OPINION BY MR. JUSTICE MAXEY, January 15, 1934:

Judgment d. s. b. for $10,000 in favor of the Commonwealth of Pennsylvania and against J. & A. Moeschlin, Inc., and Eureka Casualty Company was entered by virtue of a confession of judgment in a surety bond in the Court of Common Pleas of Northumberland County. The Casualty Company alone makes the attack on this judgment.

In 1927, J. & A. Moeschlin, Inc. (hereinafter referred to as the brewery), made application under the Act of February 19, 1926, P. L. 16, 47 P. S., section 121 (known as Act 3), to the Pennsylvania Alcohol Permit Board (hereinafter referred to as the board), for a permit authorizing it, inter alia, to manufacture and remove alcohol and alcohol liquid produced in the process of operating a brewery or cereal beverage plant, all in full accordance with the laws and regulations of the United States and the Commonwealth of Pennsylvania applying to breweries and manufacturers of cereal beverages.

Pursuant to the provisions of Act No. 3 the brewery, as principal, and the Eureka Casualty Company (which will be referred to as the surety), as surety, executed and filed with the board the bond for $10,000 being the amount prescribed by section 8 of the Act No. 3. Thereupon the board issued to the brewery the permit for which application was made. This permit is dated January 1, 1928. The bond was executed December 21, 1927.

On October 16, 1928, the alcohol permit board issued a citation to the brewery to show cause why its permit should not be revoked. The citation was issued in accordance with section 13 of Act 3. The brewery made answer. The board heard testimony and adjudged the brewery guilty of the violation of the terms of its permit and on March 26, 1929, revoked it and declared the bond forfeited.

Notice of this was sent by registered mail, May 20, 1929, together with a complete copy of the revocation hearing and proceedings before the board, to the principal and surety in the bond, and demand made for the payment of the $10,000 prescribed in the bond. Nothing further was done by anyone until seven months later when on December 10, 1929, the Commonwealth produced the original bond and filed a photostatic copy thereof, together with a detailed affidavit of default, with the prothonotary of Northumberland County and thereupon the prothonotary entered judgment in favor of the Commonwealth and against the brewery and surety company for the sum of $10,000.

On July 23, 1932, the surety company, in its own behalf, presented two separate petitions to the court below, respectively to strike off and to open the judgment.

Two questions are raised by these petitions. One is whether it was entered in form and substance within the authority of section 28 of the Act of February 24, 1806, 4 Sm. L. 270, 12 P. S. 739; the other raises the questions whether the board had authority to declare

the bond forfeited, and whether the brewery has a defense to the charges preferred against it in the proceedings before the board.

The bond in question contains the following provisions and recitals: "......J. & A. Moeschlin, Inc., .....as principal and Eureka Casualty Company..... as surety......are held and firmly bound unto the Commonwealth of Pennsylvania in the sum of......$10,000, ......to be paid to the said Commonwealth,......to which payment well and truly to be made we do hereby bind ourselves, jointly and severally,......firmly by these presents......

"And whereas, the above bounden principal desires to carry on at Sunbury......, a business for which a permit under Act No. 3 of the laws of 1926, of the Commonwealth of Pennsylvania, granted by the Pennsylvania Alcohol Permit Board is necessary; and for the issuance of said permit is applying to said Board and filing this bond in accordance with said Act.

"And whereas, it is desired by the obligors herein, to enable said principal by filing this bond, to make his application for a permit and to support by this bond any permit issued to such principal, pursuant to such application.

"Now, therefore, the condition of this obligation is such that if the above bounden principal shall fully and faithfully observe all the provisions of said Act No. 3, ......and of all of the laws of this Commonwealth relating to the manufacture......of intoxicating liquors, and all the conditions and provisions of any permit issued to said principal by the said Permit Board, and shall, in no way violate any of the provisions of the said Act No. 3 or of the said laws of this Commonwealth, or any of the conditions or provisions of said permit, then this obligation shall be void, otherwise shall remain in full force, virtue and effect.

"And the obligors, jointly and severally,......do agree with the Commonwealth of Pennsylvania that

upon proof submitted by the United States mail......
of the failure of the said principal to observe and comply
fully and faithfully with all the provisions of the said
Act No. 3, and of the laws of the said Commonwealth
of Pennsylvania, and with all the conditions and pro-
visions of the said permit......, that this bond shall
become due and payable;......

"And in the event of the foregoing bond being for-
feited, we do hereby empower the Attorney General
......or any attorney of any Court of Record......to
appear for us and after one or more declarations filed,
confess judgment against us of any term for the above
sum,......"

The appellant argues that "the prothonotary is not
authorized, in the absence of any appearance and a con-
fession of judgment by an attorney for and in behalf of
the defendant, to enter judgment upon a bond contain-
ing a warrant for an attorney to confess judgment for
the sum stated therein in the event of the bond being
forfeited where it could not be ascertained from the
bond whether or not the bond had been forfeited." It
also contends that this is especially true because the
"bond stated that it shall become due and payable upon
proof submitted to the obligors of failure of the prin-
cipal to observe and comply with certain laws and reg-
ulations, where the happening of said event could not
be ascertained from the bond."

A special deputy attorney general for the Common-
wealth of Pennsylvania and counsel for the Pennsyl-
vania Alcohol Permit Board filed the affidavit of default
together with the bond upon which the prothonotary
entered this judgment. This is complete in every detail
and particularly so in the allegations of facts relating
to the forfeiture of the bond and the proof submitted to
the obligors of the failure of the brewery, i. e. the prin-
cipal, to observe and comply with the law and the terms
of the permit. But the appellant says that under section
28 of the Act of February 24, 1806, the prothonotary

can only enter judgment "for the amount which from the face of the instrument may appear to be due without the agency of any attorney, or declaration filed, etc."

We hold that the amount appearing to be due for which the judgment in this case was entered is ascertainable from the face of the bond. The bond on its face shows that it was given under the authority of section 8 of Act No. 3 (47 P. S. section 128), which calls for a bond executed to the Commonwealth, "and a warrant of attorney to confess judgment in the penal sum of ten thousand dollars, with surety to be approved by the board, which bond shall be conditioned for the faithful observance of all the laws of this Commonwealth relating to the manufacture......of intoxicating liquors, and the conditions of the permit,......" Nothing in this act calls for a preliminary forfeiture or proof of failure of the principal to observe and comply with the laws and the permit before the warrant of attorney to confess judgment in the sum of $10,000 can be exercised. The recitals in the bond do not purport to express any other intention of the parties than that this bond was given pursuant to section 8 authorizing the entry of judgment by the commonwealth at any time after the delivery of the bond, and we will not presume in a case like this and in an equitable proceeding that the intention of the parties was to execute a bond, not as the law required, but with such terms that the hands of the Commonwealth would be tied in the event of a violation of its laws and the conditions of the permit. "Where a bond is given under the authority of a statute in force when it is executed, in the absence of anything appearing to show a different intention it will be presumed that the intention of the parties was to execute such a bond as the law required, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute and the construction given to the statute by the courts. Such a bond must be given the effect which in

reason must have been intended by the statute": 9 C.
J. section 56 (e) page 34.

We also hold that under the decisions of our court
the filing of so complete an affidavit of default by the
Commonwealth with the instrument, made the judgment
so entered a valid judgment. In Kolf v. Lieberman, 282
Pa. 479, 128 A. 122, this court, in an opinion by our
present Chief Justice, at page 482, said: "...... In
entering judgment under a warrant of attorney it is a
well-settled rule that the authority given thereunder
must be strictly followed or the judgment cannot be
sustained. In the present case,......the warrant au-
thorized any attorney of record to enter judgment
'after default.' No averment of default was filed nor
is there anything tending to indicate such delinquency,
......Accordingly, on the face of the record, no default
is apparent. Under these circumstances it was neces-
sary, before a valid judgment could be entered, to file
an averment stating in what respect a default had
occurred." See also Purvis v. Dempsey, 238 Pa. 173,
85 A. 1091.

Nor is the fact that the judgment was not entered by
the appearance and a confession of judgment by an
attorney for and in behalf of the defendant fatal to its
validity. "There is no doubt that had the judgment
been entered in the court of common pleas......by
the prothonotary, though the præcipe for the entry of
judgment and the declaration or statement filed was
not signed by the defendant or an attorney for him, the
judgment would have been good under the 28th section
of the Act of February 24, 1806, 4 Sm. L. 278": Jameson
Piano Co. v. Earnest, 66 Pa. Superior Ct. 586, 587. See
also Dalton v. Willingmyre, 60 Pa. Superior Ct. 225.

The surety company contends that the Pennsylvania
Alcohol Permit Board had no authority to order for-
feited a bond which was given to the Commonwealth,
accompanying an application for an alcohol permit,
under the authority of Act No. 3, and to cause judgment

to be entered thereon, merely upon the board's finding of a violation of the conditions of the bond by the principal and submitting proof thereof to the defendant. It avers that the board has no power to declare this bond due and payable in the full penal sum upon the violation of any of its conditions.

To this as "to all other matters advanced by appellant" the Commonwealth by its counsel "suggests that no execution has been issued on this judgment; that the question of the amount due under the judgment is not a question at issue until execution is issued; that execution on the judgment will remain within the control of the court if the plaintiff undertakes to enforce the judgment for an amount not lawfully due and payable under the terms of the bond." The court below in its opinion aptly said: "Neither the Act of 1926 nor the bond by its terms contemplates that the surety shall appear in a proceeding to revoke a permit, nor does the act require that a citation to revoke a permit shall be served upon the permittee's surety. Neither the bond nor the statute under which the bond was given provides a method of forfeiting the bond. The method of forfeiture is provided by the general rules and regulations prescribed by the Pennsylvania Alcohol Permit Board pursuant to the provisions of section 17 of the Act of 1926. Article XVI, section 1 (b) of the rules and regulations provides that upon revocation of the permit of any person for violation of any law relating to intoxicating liquors, the board shall submit proof of such violation, by United States mail or personally, to the surety on the bond to the Commonwealth, and shall notify the surety that the bond is therefore forfeited and the amount therein stated due and payable. Counsel for the board shall thereupon enter judgment on the bond and proceed to recover the amount stated." The power to forfeit is vested in the board as incidental to the power conferred by statute, namely, to hold hearings and to make findings of a violation of the condi-

tions of the bond and to suspend and to revoke its permits when there is proof of failure of the principal to faithfully execute it in accordance with law (section 18 and section 13 of Act No. 3). By section 17 of the act they are authorized to make and promulgate appropriate rules and regulations for carrying into effect the provisions of the act. Extrajudicial bodies have the powers conferred on them by statute and also such powers as are implied necessarily from the grant of statutory powers. See Day v. Public Service Commission et al., 312 Pa. 381.

The court below also aptly said in its opinion: "Section 13 of the Act of 1926 provides that if a permittee is aggrieved by the decision of the board, it may file within thirty days thereafter an appeal to the court of common pleas in the county of which the permittee is a resident.

"We are of opinion that the right of appeal to the court should have been exercised by the permittee, if aggrieved, within the time prescribed by the statute. An appeal now, and this petition to let the defendant into a defense is in the nature of such appeal, comes too late. But were we disposed, as an equitable proceeding, to open the judgment here entered, and hear the defense of the permittee as presented by its surety, we would, in the light of the evidence taken, arrive at the same conclusion reached by the permit board."

The appellant argues that act contemplated that the bond given in pursuance to it is only intended as an indemnity for penalties which might be assessed and fines as penalties that might be imposed after a prosecution. The legislature has decreed, and the terms of the bond have established, that the sum mentioned in the bond shall be a penalty and that the full sum shall become a forfeit absolute on the breach of the condition. This is amply sustained by the authorities. See Clark v. Barnard, 108 U. S. 436; U. S. v. Dieckerhoff, 202 U. S. 302; Farnsworth v. M. & P. R. Co., 92 U. S. 49, 68;

U. S. v. Oteri, 67 Fed. 146; Illinois Surety Co. v. U. S., 229 Fed. 527; Sedgwick on Damages (9th edition) section 416 a; Sutherland on Damages, volume 1 (3d edition) section 279 et seq. "These authorities and others that are cited announce the rule, which may be said to be firmly established, that on the breach of a penal bond given to the State to secure performance of a contract for the public benefit, or to do or refrain from doing an act in the public interest or in furtherance of a public policy, recovery may be had for the full amount named, no contrary purpose appearing; for damages to the obligee would in such circumstances be difficult or impossible of ascertainment and proof, and hence in such cases it is said that the parties will be held to have intended that the full sum named should be forfeited. The argument would be more persuasive if the purpose of the bond had been confined to that expressed in section 6 of the act, 'to insure compliance with the terms of the permit and the provisions of this title.' " U. S. v. Wandmaker, 292 Fed. 24, 27. In the case at bar the purpose of the bond has been confined to that expressed in section 8 of the Act of 1926, "conditioned for the faithful observance of all the laws......and the conditions of the permit."

In United States v. Montell, 47 Fed. Cas. No. 15798, Chief Justice TANEY said: "The United States are entitled to recover the whole sum, for which the party is bound, if any one of the conditions is broken. Besides, how could the United States prove any particular amount of damages to have been sustained by them in a suit on this bond? What do they lose? It would be difficult, I think, by any course of proof, or any process of reasoning, to show that the United States had sustained any particular amount of damages in a case of this description, or to adopt any rule by which the damages could be measured by a jury, or be liquidated by agreement between the parties. The sum, for which the parties are to become bound, is manifestly a penalty

or forfeiture, inflicted by the sovereign power for a breach of its laws. It is not a liquidated amount of damages due upon a contract, but a fixed and certain punishment for an offense. And it is not the less a penalty and a punishment, because security is taken before the offense is committed, in order to secure the payment of the fine if the law should be violated."

There is only one other question for disposition and that arises on the petition for a rule to open the judgment. The petition avers that the brewery company has a defense to the charges preferred against it in the proceedings before the board. Neither in the petition, nor in the statement of facts agreed upon between the parties are facts set forth relating to the nature of the principal's defense to the charges of law and permit violations nor is this disclosed anywhere else in the record. "An application to open a judgment is also equitable in substance and must show a meritorious defense." State Camp v. Kelley, 267 Pa. 49, 56, 110 A. 339. The mere averment in the petition to open the judgment that "the said J. & A. Moeschlin, Inc., had at the time of the aforesaid proceedings......and has now a full, complete and adequate defense at law to all of the charges......" is a conclusion, not a showing of a "meritorious defense."

The judgment of the court below is affirmed.