Commonwealth v. Eclipse Literary and Social Club (et al., Appellant).

Argued March 14, 1935.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHOADS, JJ.

*Lewis M. Stevens,* with him *James E. Gallagher, Jr.,* of *Stradley, Ronon, Stevens & Denby,* and *Paul W. Orth,* for appellant.

*Horace A. Segelbaum,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *George W. Keitel,* Assistant Deputy Attorney General, for appellee.

OPINION BY STADTFELD, J., April 15, 1935:
This is an appeal by Seaboard Surety Company, one

of the defendants below, from an order of the Court of Common Pleas of Dauphin County, discharging its rule upon the Commonwealth of Pennsylvania to show cause why a judgment entered on a liquor license bond against Eclipse Literary and Social Club, principal, and Seaboard Surety Company, surety, in the amount of two thousand dollars ($2,000) should not be opened, and the Seaboard Surety Company, appellant, let into a defense.

The Eclipse Literary and Social Club, a non-profit Pennsylvania corporation, executed and filed an application with the Pennsylvania Liquor Control Board for a Club Liquor License under the provisions of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. (Special Session) 15, (47 PS Sec. 744) and the regulations promulgated thereunder by the board, for premises No. 45 North Seventeenth Street in the Ninth Ward of the City of Philadelphia.

The application was accompanied by a surety bond, executed by the applicant as principal, and Seaboard Surety Company as surety, in the penal sum of two thousand dollars ($2,000). This bond contained a warrant of attorney to confess judgment for the penal sum. The form of such bond had been adopted by the Pennsylvania Liquor Control Board, and was required of all applicants for a Club Liquor License.

On December 13, 1933, the Pennsylvania Liquor Control Board granted to the Eclipse Literary and Social Club a Club Liquor License under its application aforesaid.

On February 17, 1934, the Attorney General of the Commonwealth petitioned the Court of Quarter Sessions of Philadelphia County to revoke the said license. The petition alleged the following three grounds for revocation: (1) sale of liquor to non-members; (2) sale of liquor to non-members on Sun-

day; (3) maintenance of a place for profit and illegitimate purposes.

The Court of Quarter Sessions of Philadelphia County, after hearing, notice of which had been given to the Eclipse Literary and Social Club, found that this licensee had violated the laws of this Commonwealth and regulations of the Pennsylvania Liquor Control Board relating to liquor, and on March 16, 1934, revoked the said license.

On August 20, 1934, the present proceedings were instituted in Dauphin County. The Commonwealth, by the Attorney General, produced the original bond and filed a photostatic copy thereof, together with a certified copy of the order of revocation of the license of the Eclipse Literary and Social Club, and a detailed affidavit of default, with the prothonotary of Dauphin County. Thereupon, the prothonotary entered judgment in favor of the Commonwealth and against the Eclipse Literary and Social Club and the Seaboard Surety Company for $2,000.

On October 3, 1934, the Seaboard Surety Company, appellant, filed its petition to open judgment, and a rule to show cause was granted. The Commonwealth then filed a motion to dismiss the petition and to discharge the rule to open judgment.

On December 17, 1934, the court below discharged the appellant's rule to show cause. From that order and decree this appeal has been taken by the Seaboard Surety Company.

The petition of appellant in the lower court is based on the following averments: (1) that the reasons alleged for revoking the license do not amount to a violation of the conditions of the bond; (2) that the revocation of the license of the defendant's principal by the Court of Quarter Sessions of Philadelphia County has not established in law that the defendant's principal violated the law of the Commonwealth of

Pennsylvania relating to liquor and malt liquors, or the rules and regulations of the Pennsylvania Liquor Control Board; (3) the Pennsylvania Liquor Control Act of November 29, 1933, No. 4, does not authorize the exaction by the Commonwealth of a penalty or forfeiture bond and that any provisions which may be so interpolated in the bond are inoperative and unenforceable at law, for the reason that the Pennsylvania Liquor Control Board was without legal or other authority to insert any such provisions; and (4) that said bond is not a forfeiture or penalty bond, and that there are not outstanding and unpaid any fines or other costs resulting from any alleged violations of the defendant's principal, for which the defendant as surety on said bond is presently liable.

Section 406 of Pennsylvania Liquor Control Act of November 29, 1933, P. L. (Special Session) 15, 47 PS Sec. 744-406, provides as follows: "A liquor license shall not be granted and issued to any hotel, restaurant or club until the applicant therefor has filed with the board a surety bond, payable to the Commonwealth of Pennsylvania, in the amount of two thousand dollars ($2,000). Such bond shall have as surety a duly authorized surety company or two individuals to be approved by the board. All such bonds shall be conditioned for the faithful observance of all the laws of this Commonwealth relating to liquors and malt liquors. Such bonds shall be filed with and retained by the board. Every such bond shall be turned over to the Department of Justice to be sued out, if, and when, the licensee's license shall have been revoked as provided in this act."

Section 202 (47 PS Sec. 744-202) provides: "The board may, from time to time, make such regulations, not inconsistent with this act, as it may deem necessary for the efficient administration of this act. The board shall cause such regulations to be published and

disseminated through the Commonwealth in such manner as it shall deem necessary and advisable. Such regulations adopted by the board shall have the same force as if they formed a part of this act. ......''

Section 203 (47 PS Sec. 744-203) provides: ''Subject to the provisions of this act, and without limiting the general power conferred by the preceding section, the board may make regulations regarding— ...... (g) Forms to be used for the purposes of this act; ......''

Section 410 (47 PS Sec. 744-410) provides: ''After a license has been issued to a hotel, restaurant or club under this act, the Attorney general, the district attorney, or fifteen or more taxpayers, residents of the municipality where the hotel, restaurant or club is located, may petition the court of quarter sessions of the proper county for the revocation of such license. If, after notice and hearing, it shall appear to the court that the licensee has violated any law of this Commonwealth or regulation of the board relating to liquor, malt liquor, or alcohol, the court may suspend or revoke the license. The court shall assess or remit the costs in its discretion. The action of the court in suspending or revoking a license shall be final.''

Section 702 (47 PS Sec. 744-702) provides: ''All application fees and moneys accruing from sales of liquor at Pennsylvania Liquor Stores, and all fines, penalties and forfeitures collected, received, or recovered by the board under the provisions of this act, shall be paid into the State Treasury, through the Department of Revenue, into a special fund to be known as 'The State Stores Fund.' All moneys in such fund shall be available for the purposes for which they are appropriated by law.''

Regulation No. 2 of the board, in part provides, on page 15: (Section 701) ''All bonds required of licensees and permittees under the act shall be in such

form prescribed by the board and shall contain a warrant of attorney to confess judgment, in the full penal sum specified on the face of the bond."

The distinction between a forfeiture bond and a bond of indemnity must be determined from the language of the bond, and the act of assembly requiring it. That the board has the authority to adopt the form of bond in the instant case under the power conferred upon it by the legislature is fully sustained by the Supreme Court in the case of Commonwealth v. J. & A. Moeschlin, Inc., 314 Pa. 34 (1934), 170 A. 119. In that case, the surety denied the authority of the then Alcohol Permit Board, now Pennsylvania Liquor Control Board, to provide by regulation, under the power conferred upon it by the Act of February 19, 1926, P. L. (Special Session) 16, (47 PS 12), as amended, for the forfeiture of a liquor license bond after the revocation by the board of a brewery permit, because the act made no provision for the forfeiture or collection of the bond.

Mr. Justice MAXEY in the opinion (p. 43) said, inter alia: "By Section 17 of the act they are authorized to make and promulgate appropriate rules and regulations for carrying into effect the provisions of the act. Extra judicial bodies have the powers conferred on them by statute and also such powers as are implied necessarily from the grant of statutory powers. See Day v. Public Service Commission et al., 312 Pa. 381."

Section 203 of the act gave the Liquor Control Board specific power by regulation to prepare the forms to be used for the purposes of the act. By virtue of that power so conferred, Regulation No. 2, supra, was adopted, and by virtue of said regulation, authorized by the said act of assembly, the form of the bond was prepared which the principal and the

appellant surety company executed, and upon which the judgment in the instant case was entered.

The condition of the bond is as follows: "And the obligors, jointly and severally, for themselves, their heirs, executors, administrators, successors and assigns, do agree with the Commonwealth of Pennsylvania that upon violation of the said Act of November 29, 1933, No. 4, known as the Pennsylvania Liquor Control Act or of any laws of this Commonwealth and the rules and regulations promulgated by the Pennsylvania Liquor Control Board relating to liquors and malt liquors and upon the revocation of the license aforesaid, for any such violation during the continuance of said license the full amount of this bond shall be due and payable." Following this is a warrant of attorney for the confession of judgment against the obligors and each of them "in the penal sum of $2,000" with waiver of inquisition and condemnation etc.

The legislature in conferring upon the Liquor Control Board the specific power, among others, to adopt forms to be used for the purposes of the act, certainly intended the board to adopt a form of bond that would fully protect the Commonwealth, and include therein whatever was necessary for that purpose. A warrant of attorney to confess judgment was clearly within the power conferred, and is not inconsistent with the provisions of the act. The warrant of attorney does not alter or change the liability of the obligors, but only facilitates its collection.

That the bond was intended as a forfeiture bond, and not merely as an indemnity, is also clearly apparent. The bond in its terms provides "that upon violation of the said Act of November 29, 1933, No. 4, known as the Pennsylvania Liquor Control Act or of any laws of this Commonwealth and the rules and regulations promulgated by the Pennsylvania Liquor Control Board relating to liquors and malt liquors and

upon revocation of the license aforesaid for any such violation during the continuance of said license, *the full amount of this bond shall be due and payable."* (Italics supplied). There is nothing in the act or the bond that indicates that the bond was security only for the payment of fines and penalties.

The finding of the court of quarter sessions that the licensee had violated the laws of this Commonwealth relating to liquor and the resulting revocation of the license, forfeited the bond; thereupon the warrant to confess judgment by its terms became effective. No exceptions were filed to this action of the court of quarter sessions and no writ of certiorari was obtained.

In Lightner v. Commonwealth, 31 Pa. 341, the licensee gave a bond under the provisions of the Act of March 31, 1856, P. L. 200, Section 10 (47 PS Sec. 261), requiring the applicant for a liquor license to give a bond in the sum of $2,000 before any license should be granted. The bond was conditioned "for the faithful observance of all the laws of the Commonwealth relating to the business of the principal obligor." Lightner was convicted, and subsequently sentenced, on an indictment for keeping a tippling house. He paid the fine and costs to the sheriff. Later the district attorney entered up judgment on the bond in question and issued a sci. fa. for use. On trial, the court below held that, by the conviction of the principal obligor, the bond was forfeited, and the whole amount of the penalty was recoverable for use of the public schools of Shirleysburg Borough. See also Commonwealth v. Home Beverage Co., 77 P. L. J. 633, 634 (1929); Commonwealth v. Altoona Beverage and Ice Co., 77 P. L. J. 446 (1929).

The rule applicable to bonds running to the government is clearly stated in Sedgwick on Damages, (9th Ed., 1912) Section 416-A, as follows: "In the case of

a bond in a penal sum given to the State or a city, not to secure it against actual ascertainable loss but in order to secure performance by means of a forfeit of a contract entered into for the public benefit, the recovery is for the full amount of the penalty; for the damages would usually be difficult or impossible of ascertainment, and the intention of the parties is held to be that an absolute forfeiture is contemplated."

This rule was applied in Lightner v. Commonwealth, supra; in U. S. v. Montell, Taney's Decisions, 47: Fed. Cas. No. 15798; likewise in U. S. v. Eagle Indemnity Co., 18 Fed. (2d) 135 (1926), where the court in its opinion said: "Undoubtedly, when a specified penal sum is prescribed by a statute as a fixed penalty imposed after a breach of a statutory duty, the full amount may be recovered irrespective of the actual damages shown." On appeal the judgment of the court below was affirmed in the Circuit Court of Appeals for the Fourth District in Eagle Indemnity Co. v. U. S., 22 Fed. (2d) 388, 393, the court in its opinion holding the bond to be a forfeiture bond, said: "if the bond is a forfeiture bond, the government is entitled to recover the full penalty, merely upon proof of failure to furnish the landing certificate required."

The principle referred to was discussed and applied by Mr. Justice MAXEY in Commonwealth v. Moeschlin, supra. After stating the contention of appellant surety company in that case that, under Section 28 of the Act of February 24, 1806, the prothonotary can only enter judgment "for the amount which, from the face of the instrument may appear to be due without the agency of any attorney, or declaration filed etc.," he said on p. 40: "We hold that the amount appearing to be due for which the judgment in this case was entered is ascertainable from the face of the bond. The bond on its face shows that it was given under the

authority of Section 8 of Act No. 3 (47 PS Sec. 128), which calls for a bond executed to the Commonwealth, 'and a warrant of attorney to confess judgment in the penal sum of ten thousand dollars, with surety to be approved by the board, which bond shall be conditioned for the faithful observance of all the laws of this Commonwealth relating to the manufacture...... of intoxicating liquors, and the conditions of the permit.'

"The appellant argues that the act contemplated that the bond given in pursuance to it is only intended as an indemnity for penalties which might be assessed and fines as penalties that might be imposed after a prosecution. The legislature has decreed, and the terms of the bond have established, that the sum mentioned in the bond shall be a penalty, and that the full sum shall become a forfeit absolute on the breach of the condition. This is amply sustained by the authorities." ....... And on page 44 of the same opinion: "These authorities and others that are cited announce the rule, which may be said to be firmly established, that on the breach of a penal bond given to the State to secure performance of a contract for the public benefit, or to do or refrain from doing an act in the public interest or in furtherance of a public policy, recovery may be had for the full amount named, no contrary purpose appearing; for damages to the obligee would in such circumstances be difficult or impossible of ascertainment and proof, and hence in such cases it is said that the parties will be held to have intended that the full sum named should be forfeited. ......... In the case at bar the purpose of the bond has been confined to that expressed in Section 8 of the Act of 1926, 'conditioned for the faithful observance of all the laws ...... and the conditions of the permit.' "

Mr. Justice MAXEY quotes with approval from U. S.

v. Montell, supra, where Mr. Chief Justice TANEY said: " 'The United States are entitled to recover the whole sum, for which the party is bound, if any one of the conditions is broken. Besides, how could the United States prove any particular amount of damages to have been sustained by them in a suit on this bond? What do they lose? It would be difficult, I think, by any course of proof, or any process of reasoning, to show that the United States had sustained any particular amount of damages in a case of this description, or to adopt any rule by which the damages could be measured by a jury, or be liquidated by agreement between the parties. The sum, for which the parties are to become bound, is manifestly a penalty or forfeiture, inflicted by the sovereign power for a breach of its laws. It is not a liquidated amount of damages due upon a contract, but a fixed and certain punishment for an offense. And it is not the less a penalty and a punishment, because security is taken before the offense is committed, in order to secure the payment of the fine if the law should be violated.' "

Appellant, further contending that the bond in the instant case is not a forfeiture bond, refers to the Malt Liquor License Law of December 20, 1933, P. L. (Special Session) 75 (47 PS Sec. 100A) which under Section 18 thereof requires the applicant for a malt liquor license to execute a bond to the Commonwealth with a warrant of attorney to confess judgment in the penal sum, and that such warrant of attorney is not specifically required by the Liquor Control Act. We do not think that this contention is sound in view of the powers which are vested in the Liquor Control Board, and which we have discussed supra. The reasons for the difference in the two acts is quite apparent when we consider that under the Malt Liquor License Law the license is granted by the county treasurer, while under the Liquor Control Act the license

is granted by the Liquor Control Board. Appellant also contends that no warrant of attorney was contemplated because of the provision in the act of assembly, "every such bond shall be turned over to the Department of Justice *to be sued out* if and when the licensee's license *shall have been revoked as provided in this act.*" (Italics supplied). Irrespective of all other reasons discussed supra, the bond, in the form executed, was the voluntary act of the parties thereto, and they cannot now be heard to repudiate the terms thereof. We agree with the lower court as stated in the opinion by WICKERSHAM, J., that the expression "sued out" contained in the act "was aptly used and applies to the instant case where the bond which was filed contained an affidavit of default and was accompanied by a copy of the order of the Court of Quarter Sessions of Philadelphia County revoking the license of the Eclipse Literary and Social Club duly certified, and accompanied also by a praecipe directing the prothonotary to 'enter judgment on the copy of the bond attached hereto according to the tenor and effect thereof.' "

It is contended by appellant that unless its petition to open the judgment is allowed, it is deprived of its day in court. Under Section 410 of the act, supra, it is provided, inter alia, *"The action of the court in suspending or revoking a license shall be final."* The language of Mr. Justice MAXEY in Commonwealth v. Moeschlin, supra, is most pertinent in relation to a similar question raised on that appeal (p. 42): " 'Neither the Act of 1926 nor the bond by its terms contemplates that the surety shall appear in a proceeding to revoke a permit, nor does the act require that a citation to revoke a permit shall be served upon the permittee's surety. .......'

" 'We are of opinion that the right of appeal to the court should have been exercised by the permittee, if

aggrieved, within the time prescribed by the statute. An appeal now, and this petition to let the defendant into a defense is in the nature of such appeal, comes too late. ......' '' Likewise the language in the opinion of the lower court in the instant case: "The condition of the bond was broken by revocation of the license by the Court of Quarter Sessions of Philadelphia County and that the action of said court is final and conclusive, and this court has no power to go behind it."

As stated in Thommen v. Aldine Trust Co. et al., 302 Pa. 409, 416, 153 A. 750, " 'As to official bonds, bonds of indemnity, and bonds to insure the faithful performance of duty and to secure a proper accounting by persons in fiduciary relations, the rule of our cases seems to be that a judgment against the principal is conclusive against his sureties as to his misconduct and failure to properly account' ...... Though a surety is favored in law, and the contract must be strictly construed so that only the burden assumed shall be imposed, ...... yet this rule 'should not be carried to the length of giving the contract a forced and unreasonable construction with a view of relieving him.' '' See also opinion of Mr. Chief Justice Frazer, Commonwealth v. Del Vaccio, 303 Pa. 519, 154 A. 789.

The opening of a judgment is within the discretion of the lower court and will not be ordered unless it appears that there is a meritorious defense: Pacific Lumber Co. v. Rodd, 287 Pa. 454, 135 A. 122; Commonwealth v. Moeschlin, supra; State Camp v. Kelley, 267 Pa. 49, 110 A. 339. We do not think that the petition of defendant discloses any valid reason for opening of the judgment and the case was properly disposed of by the lower court in a very comprehensive opinion filed by it.

The assignment of error is overruled and the order of the lower court affirmed.