Commonwealth *v.* McMenamin (et al., Appellant).

92

Argued March 16, 1936.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Victor Braddock,* of *Braddock & Sohn,* for appellant.

*Horace A. Segelbaum,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Edward Friedman,* Deputy Attorney General, for appellee.

OPINION BY CUNNINGHAM, J., April 27, 1936:

On April 5, 1934, James McMenamin, one of the defendants, pursuant to the provisions of the "Pennsylvania Liquor Control Act" of November 29, 1933, P. L. 15, (Special Session), 47 PS §744, Cumulative Supplement, applied for, and was granted, a restaurant liquor license by the Pennsylvania Liquor Control Board for the premises designated as "Brookline Country Club," Haverford Township, Delaware County.

His application was accompanied by a bond in the amount of $2,000, as required by section 406, and Maryland Casualty ·Company, the other defendant and the only appellant herein, became the surety upon that bond.

Upon the revocation of the license by the Court of Quarter Sessions of Delaware County on November 15, 1934, the bond was turned over to the Department of Justice and the Attorney General, acting under the warrant of attorney contained therein, confessed judgment against McMenamin as principal and appellant as surety for the penal sum of the bond in the Court of Common Pleas of Dauphin County. Shortly thereafter, appellant obtained a rule to show cause why the judgment should not be opened as to it and now appeals from an order of the court below, under date of May 2, 1935, discharging the rule and dismissing its petition. McMenamin has taken no action with respect to the judgment.

No material facts are in controversy under appellant's petition to open and the Commonwealth's motion to discharge the rule and dismiss the petition. It is averred generally by appellant in its petition that the "revocation of the license of James McMenamin was not such a revocation as is provided for and contemplated by [The Pennsylvania Liquor Control Act] ...... and that the entry of the judgment on the said bond was inequitable, unjust, unlawful and illegal under the circumstances." The Commonwealth, on the other hand, replied that appellant "does not aver any facts which show a meritorious defense."

We had occasion to consider the purpose and scope of the Pennsylvania Liquor Control Act in the matter of the Revocation of Wolf's License, 115 Pa. Superior Ct. 514, 176 A. 260, and need not repeat what was there said. The bond here involved was executed and delivered under the provisions of section 406 which prescribes, inter alia, that: "All such bonds shall be conditioned for the faithful observance of all the laws of this Commonwealth relating to liquors and malt liquors. Such bonds shall be filed with and retained by the board. Every such bond shall be turned over to the Department of Justice to be sued out, if, and when, the licensee's license shall have been revoked as provided in this act."

The form of the bond was prescribed by the Pennsylvania Liquor Control Board and is identical with that of the bond which we had before us in the case of Com. v. Eclipse Literary and Social Club et al., 117 Pa. Superior Ct. 339, 178 A. 341. In that case, which was a similar proceeding to open a judgment entered in Dauphin County after the revocation of a license by the Quarter Sessions of Philadelphia County, it was held that these bonds are penalty and not indemnifying obligations; that warrants of attorney to confess judgment are properly included therein; and that neither

the bonds nor the legislation by which they are required contemplate that the surety shall have notice of or be a party to proceedings to suspend or revoke a license.

We turn then to a consideration of the circumstances upon which appellant here relies to convict the court below of error in refusing its petition to open. In attacking the legality of the revocation proceedings it is averred by appellant, and not questioned by the Commonwealth, that McMenamin and one George DeVenney, his lessor, were indicted for and acquitted in the Quarter Sessions of Delaware County of substantially the same violations of our liquor laws as were later made the basis for the revocation of McMenamin's license. The revocation proceedings were instituted by the district attorney of Delaware County and the violations specified in his petition were that the licensee, (a) "unlawfully kept certain liquor which was not lawfully acquired prior to January 1, 1934, and which had not been purchased from a Pennsylvania Liquor Store"; (b) "kept certain liquor, the package in which said liquor was contained not having been sealed while containing said liquor, with the official seal of the Pennsylvania Liquor Control Board"; and (c) "did unlawfully use or caused or permitted to be used certain spirits and vinous liquor, the tax whereon had not been paid."

As we read appellant's petition and brief, its contention is, in effect, that the acquittal of McMenamin under the indictments should have operated as a bar against the subsequent proceedings to revoke his license upon charges identical with those contained in the indictment, because it had been established by the verdicts that he was not guilty of those particular violations of the liquor laws. We cannot agree with this contention.

Our Liquor Control Act provides two separate and distinct remedies for violations of its prohibitions. One

of these, authorized by section 410 hereinafter quoted, is a civil proceeding for the suspension or revocation of licenses; the other is a purely criminal proceeding by indictment. In Article VI, sections 601-610, various penal offenses are defined and it is enacted that any person committing any of them shall be guilty of a misdemeanor and, upon conviction, shall be sentenced to pay the fine and undergo the imprisonment therein prescribed. Several of the offenses involved in this case, under the indictments and also as the basis for revocation, are defined in section 602. The civil proceedings may be invoked only against licensees, but the criminal prosecutions may be instituted against "any person" charged with any violation of the statute.

Certain acts, when committed by a licensee, subject him to indictment and also warrant the revocation of his license. The proceedings, however, are not so related that the institution of one is a bar to the other. Revocation, for instance, does not follow automatically from conviction under an indictment. The weight of authority is to the effect that a conviction in a criminal prosecution is neither a bar to a subsequent civil proceeding founded on the same facts, nor is it proof of anything therein except the mere fact that it has occurred. It is equally true that where the commission of the same acts constitutes a crime and also furnishes ground for a civil proceeding, the acquittal of a defendant, when tried for the criminal offense, is not a bar to the institution of appropriate civil proceedings, nor is it evidence in such proceedings of his innocence: 34 Corpus Juris, §1387, p. 970; Morch v. Raubitschek, 159 Pa. 559, 561, 28 A. 369; Wilson v. Wilson, 100 Pa. Superior Ct. 451, 458, and cases there cited. That the legislature, both under the Malt Liquor License Law of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, P. L. 75, (Special Session) and The Pennsylvania Liquor Control Act, expressly provided

for civil as well as criminal proceedings, and that the result in either does not operate as a bar against the other, is illustrated in our recent case of Com. v. Mackill et al., 120 Pa. Superior Ct. 408, 183 A. 87. There the licensee was convicted under an indictment of a violation of the Malt Liquor License Law and sentenced to pay a fine and costs. Subsequently his license was revoked and a judgment entered upon his bond. The surety petitioned to have the judgment opened as to it upon the ground that payment of the fine and costs in the criminal proceedings constituted full satisfaction of the licensee's obligations to the Commonwealth and the entry of judgment on the bond amounted to a second punishment for the same offense. In affirming the refusal of the court below to open the judgment, this court said: "When the same act of the legislature makes provisions for exacting a civil penalty and likewise makes provisions for exacting a criminal penalty, the legislative intent is too apparent to leave any room for doubt. If, in the instant case, the amount of the bond had, after a forfeiture of the license for a violation of the act, been collected under proper proceedings and subsequently a criminal prosecution had been instituted for the same violation, it could scarcely be contended that such collection could be pleaded in bar of an indictment."

The averment by appellant that McMenamin's failure to appear at the revocation hearing, although he was duly served with a copy of the district attorney's petition and the rule granted thereon, was due to his lack of funds to procure counsel or make a defense, and that it would have defended against the revocation of the license if it had been given notice of the proceedings, is fully answered by our former decision in Com. v. Eclipse Literary and Social Club et al., supra.

In the next place, the regularity of the revocation proceedings is attacked. If the quotation from the

order of revocation set out in the thirteenth paragraph of the petition were accurate, the record supporting the judgment would not be self-sustaining. That paragraph reads: "That on November 15, 1934, the Quarter Sessions Court of Delaware County filed the following decree, viz: 'and it appearing to the court that a copy of the petition and rule returnable November 15, 1934, was served upon James McMenamin, as appears by the affidavit of service, filed of record, and it appearing to the court that no answer was filed, it is ordered, therefore, and decreed that license be revoked.' "

An examination of the record shows that the order of revocation in this case reads in full as follows: "And now, to wit: November 15, 1934, it appearing to the court that a copy of the petition and rule returnable November 14, 1934, was served upon James McMenamin as appears by the affidavit of service filed of record, and it appearing to the court that no answer was filed *and the averments of the petition having been offered in evidence, the court, after hearing, finds that the said James McMenamin did, as averred in said petition, violate the laws of the commonwealth relating to liquor, malt liquor or alcohol.* It is, therefore, ordered and decreed that the Restaurant Liquor License, No. R3842 issued to the said James McMenamin for the year ending December 31, 1934, be, and the same is hereby revoked."

By some inadvertence the portion of the decree italicized was omitted from the quotation in the thirteenth paragraph of the petition.

Section 410 contains the provisions relative to the revocation of licenses applicable in this case and reads: "After a license has been issued to a hotel, restaurant or club under this act, the Attorney General, the district attorney, or fifteen or more taxpayers, residents of the municipality where the hotel, restaurant or club is located, may petition the court of quarter sessions of

the proper county for the revocation of such license. If, after notice and hearing, it shall appear to the court that the licensee has violated any law of this commonwealth or regulation of the board relating to liquor, malt liquor, or alcohol, the court may suspend or revoke the license. The court shall assess or remit the costs in its discretion. The action of the court in suspending or revoking a license shall be final."

We think this section contemplates an actual "hearing" at which evidence is taken and that a license may not legally be revoked merely because the licensee has failed to file a responsive answer to the petition for revocation. The language of the corresponding section relative to the suspension or revocation of a malt liquor license under the provisions of the Malt Liquor License Law of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, P. L. 75, (Special Session) is that a license issued under that act may, under section 13 thereof, be suspended or revoked, "upon sufficient cause being shown or proof being made" and "upon due notice and proper hearing being given to the person so licensed." We see no reason for concluding that the legislature intended there should be any distinction between revocation proceedings under these respective license laws.

Although not applicable here, it is of interest to note that section 410 as now amended by the Act of July 18, 1935, P. L. 1246, (47 PS §744-410, Cumulative Supplement) requires that sufficient cause be shown or proof made at a "proper hearing."

We find no provision in any of these statutes that the undenied averments in a petition for revocation may be offered and received in evidence as sufficient proof of the facts therein stated to support an order of revocation. While the language of the order is not as specific with respect to the character of the hearing had in the Quarter Sessions of Delaware County as it might have

been, we understand it to mean that legally competent proof in support of the averments of the petition was made; and we interpret the word "hearing" as referring to an actual hearing.

A controlling fact in this case is that McMenamin took no steps to have the action of the Quarter Sessions of Delaware County reviewed in this court. Although it is provided in section 410 that the action of the court in suspending or revoking a license shall be final, we have held in Revocation of Mark's License, 115 Pa. Superior Ct. 256, 176 A. 254, and in Com. v. West Phila. Fidelio Mannerchor, ibid., 241, 175 A. 434, that a certiorari lies to this court for a review of the record with regard to the regularity of the proceedings and that although we cannot weigh conflicting evidence we may examine the record to determine whether the order appealed from is supported by competent evidence and whether the quarter sessions had jurisdiction to make the order complained of. See also Revocation of Mustakas' License, 115 Pa. Superior Ct. 267, 176 A. 259.

As the bond here in question was given, inter alia, to insure faithful compliance by the principal with all the liquor laws of the commonwealth, we agree with the court below in the conclusion that the unappealed from order of revocation entered against McMenamin is conclusive against his surety: Com. v. Fidelity and Deposit Co. of Maryland, 224 Pa. 95, 73 A. 327; Thommen v. Aldine Trust Co. et al., 302 Pa. 409, 153 A. 750. Upon this point the following paragraph, quoted with approval by our Supreme Court, in the case of Com. v. J. & A. Moeschlin, Inc. et al., 314 Pa. 34, 170 A. 119,— a case in which it was sought to open a judgment entered upon a brewery bond after the revocation of a brewery permit issued by the former alcohol permit board—is applicable.

" 'We are of opinion that the right of appeal to the court should have been exercised by the permittee, if

aggrieved, within the time prescribed by the statute. An appeal now, and this petition to let the defendant into a defense is in the nature of such appeal, comes too late.' "

Appellant expressly agreed in its contract that "upon the revocation of the license ...... the full amount of this bond shall be due and payable."

We are not persuaded that any of the matters upon which it relies in support of this appeal constitutes a meritorious defense to the judgment entered against it in strict accordance with the terms of its bond.

Order affirmed.

JAMES, J., dissents.