## Jones & Sons, Inc., v. Piontkowski

*Stanley B. Jones*, for plaintiff.
*John Nanorta*, for defendant.

APONICK, J., September 18, 1939.—Judgment was entered upon a warrant of attorney as follows:

"I do hereby empower any attorney of any court of record within the United States or elsewhere to appear for me and after one or more declarations filed, confess judgment against me as of any term for the above sum . . . ."

The præcipe for judgment was signed by Benjamin H. Jones, who is not an attorney of this court or of any court of record. Defendant secured a rule to strike off this judgment on the ground that the judgment was confessed not in accordance with and beyond the scope of the authority contained in the warrant, because no attorney of any court of record appeared for defendant and confessed the judgment.

The Act of February 24, 1806, 4 Sm. L. 270, sec. 28, 12 PS §739, provides:

"That it shall be the duty of the prothonotary of any court of record, within this commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the amount,

which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed . . .".

In the case of Helvete v. Rapp, 7 S. & R. 306, the court said:

"The evident and sole intention of the Legislature, in conferring the power of entering a judgment on the judgment-bond, without the intervention of an attorney, was, to exempt the obligor from the payment of costs to an attorney."

Under this act, the prothonotary could have entered judgment upon the mere oral application of plaintiff or any other person acting for it and the mere fact that the request was in writing in the form of a præcipe signed by a layman does not invalidate the judgment.

In Commonwealth v. J. & A. Moeschlin, Inc., et al., 314 Pa. 34, at page 41, our Supreme Court held that the fact that the judgment was not entered by the appearance and a confession of judgment by an attorney for and in behalf of defendant is not fatal to its validity.

This judgment was not confessed by the layman who signed the præcipe but by the prothonotary to whom the writ was directed and the prothonotary derived his authority from the aforesaid act. Besides, the filing of the præcipe to the prothonotary was not necessary: Hefer v. Hefner et al., 95 Pa. Superior Ct. 551.

This opinion is in accordance with the decision rendered in Union Acceptance Co. v. Grant Motor Sales Co., 23 Luz. L. R. Rep. 89. However, Findora v. Zawadzka et al., 30 Luz. L. R. Rep. 415, and Guardian Financial Corp. v. Pish et ux., 32 Luz. L. R. Rep. 408, are contrary to this decision, but we have considered carefully the latter two cases and are now satisfied that the entry of this judgment was within the scope of the authority contained in the warrant of attorney, thus overruling the decisions in these latter two cases. Accordingly, rule discharged.