## Halprin Appeal

*R. Carl Griffith* and *Edwin Utan*, for appellant.
*James Ligi*, for intervener.
*Clement J. Reap*, for appellee.

HOBAN, P. J., December 3, 1958.—The Pennsylvania Liquor Control Board on August 21, 1958, revoked a hotel liquor and malt beverage license held by Norman E. Halprin, operator of an establishment known as the Orchid Club at 212-14 Mulberry Street in the City of Scranton, this county. On September 20, 1958, Halprin filed an appeal in this court from the action of the Liquor Control Board and a date for hearing was duly set.

On October 16, 1958, Sam Pannacci and Albert W. Pannacci filed a petition to intervene in the matter, averring in substance that they are the owners of the premises; that they had leased the same to Halprin; that Halprin operated for a period of only 2 months and 18 days and thereafter surrendered his license to the Liquor Control Board for safe keeping; that thereafter the Pannaccis filed an application for transfer of Halprin's license to themselves, receipt of which application was duly acknowledged, together with a refusal to take any action on the application for transfer pending disposition of a citation against Halprin; that subsequently on August 21, 1958, the board revoked Halprin's license and has since refused to take any action on the application for transfer filed by the Pannaccis.

The Pannaccis now seek to justify interfering in the proceedings on appeal from the order of revocation, on the theory that the order of revocation will seriously damage their property because of the penalties against the property incident to such revocation;

that because of current restrictions placed upon the issue of new licenses because of the Quota Act of June 24, 1939, P. L. 806, and enlarging of the room service restrictions for hotel licenses, that the property will be ineligible to receive a license as if issued to a new licensee.

While we recognize, because of the Quota Act or other restrictive conditions upon retail licenses, that licenses do have a peculiar value (see Cochrane v. Szpakowski, 355 Pa. 357, and Guzzi v. Czaja, 163 Pa. Superior Ct. 597), nevertheless all cases support the principle that the liquor business is basically illegal and can only be conducted under licenses and in strict accord with the license provisions of the law and the requirements of the Liquor Control Board, and thus that a license is the grant of a privilege and not of a property right. That being so, we are unable to see how one not in the possession of the privilege can have an interest in an issue which is concerned only with the question as to whether the possessor of the privilege has violated the conditions upon which it was granted. An exactly similar case was decided in this court. See Commonwealth v. Wiemienowicz, 27 D. & C. 590 (1936). In that case this court, speaking through Leach, P. J., said on page 591:

"We hold that the landlord has no right to intervene in a proceeding to revoke a liquor license for misconduct of the lessee, for several reasons: First, it is a question of fact that is before the court, and if the landlord knows any fact he can testify as a witness. If the landlord knows no fact the licensee is the person entitled to conduct his own defense. Second, the time for the landlord to test the constitutionality of the provision that his place cannot again be licensed is when a license is refused on that ground. Third, the landlord can protect himself against forfeiture of a

license by providing for indemnity in his lease. Fourth, there is no longer the constitutional right to sell alcoholic beverages: . . .

"Fifth, it has been decided in a number of cases that the surety is not entitled to notice: Commonwealth v. McMenamin et al., 122 Pa. Superior Ct. 91; Commonwealth v. Rubenstein et al., 122 Pa. Superior Ct. 101; Commonwealth v. Kosutic et al., 122 Pa. Superior Ct. 104."

While that case was decided under the laws as existing in 1936, predating the current Liquor Code, nevertheless the principles involved are exactly the same. The fact that the limitations imposed by the Quota Act have in fact added certain values to the possession of the privilege does not give a third party landlord, or anyone else, an interest in a controversy between the Liquor Control Board and a licensee on the question of violations of the law. As Judge Leach pointed out, if a landlord has any information to offer on the matter, he may do so as a witness.

The landlords' interest here is basically to secure a transfer to them of Halprin's license. As parties to the application for transfer, they have a right to appeal on their own behalf from a refusal to make such transfer. See section 468, the Liquor Code of April 12, 1951, P. L. 90. But the mere fact that the owners of the premises may have an interest in the continuance of the license on the premises by contractual arrangements with their lessees gives them no right to appear as parties in the current appeal from a revocation of the license. One who leases his premises for an otherwise illegal business to be conducted only under a privilege must take the chance that his lessee may violate the terms of his privilege and incidentally cause sanctions to be applied against the use of the property. As Judge Leach pointed out in Commonwealth v. Wiemienowicz, supra, landlords can protect

themselves against forfeiture of a license by providing for indemnity in the lease.

Now, December 3, 1958, the rule to show cause why Sam Pannacci and Albert W. Pannacci should not be permitted to intervene in the above-captioned action is discharged.