## Commonwealth v. South Side World War Veteran's Association

*Thomas J. Shannon, Asst. Atty. Gen.,* for Commonwealth.

*Heath L. Allen, Metzger, Hafer, Keefer, Thomas & Wood,* for defendants.

SHELLEY, J., July 31, 1967.—This matter is before us on the Commonwealth's motion to dismiss the petition of the above-named defendant, Transamerica Insurance Company (hereinafter referred to as the surety) for rule to show cause why judgment entered to the above number and term should not be opened and petitioner permitted to defend the action.

On May 1, 1965, upon receipt of an application accompanied by a surety bond of the surety, the Pennsylvania Liquor Control Board (hereinafter referred to as the board) issued a renewal club liquor license to the South Side World War Veteran's Association, one of the defendants above and hereinafter referred to as the licensee, for the license year beginning May 1, 1965, and ending April 30, 1966, as provided by sections 401 and 465 of the Act of April 12, 1951, P. L. 90, Art. IV, (Liquor Code), 47 PS §§4-401 and 4-465, respectively. Said renewal was identified as No. C-2787. On July 15, 1965, the board issued citation no. 1208, 1965, to the licensee to show cause why the said license should not

be revoked and the bond forfeited by reason of alleged violations of the Liquor Code during the said license year. After notice and hearing and in accordance with the provisions of the Liquor Code, the board, on October 27, 1965, revoked the license and entered judgment on the bond. In support of its order, the board found the following facts:

"1. The licensed organization, by its servants, agents or employes sold alcoholic beverages on the licensed premises to non-members on May 26, 27, June 4, 5, 6, 10, 1965.

"2. The licensed organization, by its servants, agents or employes permitted upon the licensed premises solicitation of patrons for immoral purposes on June 10, 1965.

"3. The licensed organization, by its servants, agents or employes were keeping and maintaining a disorderly house on June 4, 5, 6, 10, 1965.

"4. The licensed organization, by its servants, agents or employes sold, furnished and/or gave alcoholic beverages between the hours of three o'clock ante meridian and seven o'clock ante meridian on June 5, 1965".

On February 9, 1967, the surety above named filed a petition to open the judgment and on the same day, on petition of the surety, the court granted a rule to show cause why judgment should not be opened. The Commonwealth filed a motion to dismiss the petition and discharge the rule. The motion is now before our court for disposition.

It also appears that on May 1, 1964, upon receipt of an application accompanied by a bond of the surety, the board issued a club liquor license to the licensee for the license year beginning May 1, 1964, and ending April 30, 1965. Said license bore the identifying no. C-2787. On April 27, 1965, the board issued citation no. 748, 1965, to the licensee to show cause why the said license

should not be revoked and the bond forfeited by reason of alleged violations of the Liquor Code, supra, during the said license year. After notice and hearing in accordance with the provisions of the Liquor Code, the board, on October 27, 1965, revoked the license and forfeited the bond.[1] On September 26, 1966, in this court, the Commonwealth entered judgment on the bond against the licensee and surety.[2]

It is the contention of the surety that the revocation of the club license issued to the licensee for the license year beginning May 1, 1964, and ending April 30, 1965, in and of itself revoked the license issued to the licensee for the following license year, to wit, the license year beginning May 1, 1965, and ending April 30, 1966, and, that since the Commonwealth had forfeited the bond filed with the license application for the license year beginning May 1, 1964, and ending April 30, 1965, it would be inequitable, illegal and discriminatory for the Commonwealth to forfeit the bond filed with the license application for the license year

---

[1] In support of its order, the board found the following facts:

"1. The licensed organization, by its servants, agents or employes sold alcoholic beverages on the licensed premises to nonmembers on October 18, 25, 1964; January 3, 10, February 28, 1965.

"2. The licensed organization, by its servants, agents or employes sold, furnished and/or gave alcoholic beverages between the hours of three o'clock ante meridian and seven o'clock ante meridian on October 18, 25, 1964; January 3, 10, 1965.

"3. The licensed organization, by its servants, agents or employes permitted disorderly or improper conduct on the licensed premises on October 18, 25, 1964; January 3, 10, February 28, 1965.

"4. The licensed organization permitted employes to contact and/or associate with patrons on the licensed premises on October 25, 1964."

[2] Said proceeding is entered in the Court of Common Pleas of Dauphin County to Commonwealth docket, 1966, No. 424.

beginning May 1, 1965, and ending April 30, 1966. With this contention, we cannot agree.

A license is a privilege and not a property right: Feitz Estate, 402 Pa. 437, 443 (1961); Tahiti Bar, Incorporated Liquor License Case, 186 Pa. Superior Ct. 214 (1958), affirmed by the Supreme Court in 395 Pa. 355 (1959). Under the provisions of section 434 of the Liquor Code, 47 PS §4-434, a license is valid for one year, and under the provisions of section 470(a) of the Liquor Code, 47 PS §4-470(a), it may be renewed provided the application shall be filed at least 60 days before the expiration of the then current license and the licensee file with the board "a new approved bond".

The bonds required to be filed with the 1964 application for a license and with the 1965 application for renewal of the license contain the provision that:

". . . the condition of this obligation is such that if upon and after the issuance of such license the above bounden principal shall fully and faithfully observe the provisions of all the laws of this Commonwealth and the rules and regulations promulgated by the Pennsylvania Liquor Control Board relating to liquors, malt or brewed beverages, and alcohol, then this obligation shall be void; otherwise it shall remain in full force, virtue and effect".

There is no dispute that the licensee violated the laws of the Commonwealth and the rules and regulations promulgated by the board relating to licenses in each of the two license years in question. It is equally clear that the bonds filed with each of the applications were, according to the terms thereof, forfeited and the board was entitled to proceed to the collection of the penal sum provided for in the bonds. The clear and unambiguous conditions of each of these obligations were admittedly breached. It cannot now be said that the bonds were meant to be or can be construed to be but one obli-

gation for compliance with law during both license years.

There is no merit to the surety's contention that it did not receive any notice of revocation and forfeiture in the instant proceeding or in the proceedings referred to in Number 424 Commonwealth Docket, 1966.[3]

Neither the Liquor Code nor the bonds executed by the surety requires the board to give notice to a surety on the bond that a citation is pending which may result in revocation of a license and forfeiture of the bond filed with the application for such license.

There are calculated risks which the surety takes when it chooses to go into the business of being surety for others. Such risks are presumably taken into account in determining the charges or premium rates set by the surety. It would place an unreasonable burden on the board to require the board to advise the sureties on renewal licenses as to whether a citation proceeding is pending against the principal of each bond, and the law does not require or indicate that such notice be given. There is nothing in the Liquor Code or the bond that provides that a surety for a licensee shall have notice of or be made a party to proceedings to suspend or revoke the license. See Commonwealth v. McMenamin, 122 Pa. Superior Ct. 91 (1936). The Commonwealth was not only justified, but required, to file the affidavit of default in this case and confess judgment under the terms of the bond.

We, accordingly, make the following

## ORDER

And now, July 31, 1967, rule heretofore entered in these proceedings to show cause why judgment entered to Commonwealth Docket, 1966, No. 425, should not be opened and petitioner permitted to defend the action is dismissed. Costs to be paid by petitioner.

---

[3] Paragraph 5 of the surety's petition to open judgment.