Revocation of Mustakas' License.

Argued September 25, 1934.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John E. McDonough,* and with him *R. Paul Lessy* and *Joseph E. Pappano,* for appellant.

*C. William Kraft, Jr.,* Assistant District Attorney, and with him *William J. MacCarter, Jr.,* District Attorney, for appellee.

OPINION BY KELLER, J., December 18, 1934:

This is a companion case to No. 252 October Term, 1934, In re Revocation of License of Jacob Mark, decided this day.

The county treasurer of Delaware County issued a retailer beverage license to John Mustakas, under the Act of May 3, 1933, P. L. 252, for the premises 312 East Tenth Street, Marcus Hook. On September 15, 1933 the district attorney of Delaware County, acting under the 13th section of said act, filed his petition in the Court of Quarter Sessions of Delaware County, asking that court to revoke or suspend this license. An answer was filed denying the averments of the petition and challenging the right of the court to revoke or suspend the license for any cause other than a violation of the laws of this Commonwealth relating to the sale of beverages or alcoholic liquors. A hearing was had in open court on September 28, 1933, and continued to November 20, 1933, at which testimony in support of the rule was taken.

The court, on March 1, 1934, revoked the license, and Mustakas has appealed.

It is not necessary to discuss again the legal points covered in the opinion in the Mark case. This case differs from that, however, in that from a consideration of the testimony taken at the hearing, in accordance with the Act of April 18, 1919, P. L. 72, we find no sufficient evidence in the record to justify a revocation of the license. It shows nothing more than that

on April 4, 1933, one James J. Dumel, prior to the issuing of the retailer beverage license of Mustakas, was arrested for maintaining a gambling house at 312 East Tenth Street, Marcus Hook, for which place Mustakas was subsequently granted a license; that Dumel pleaded nolo contendere and was sentenced to pay a fine of $100 and undergo imprisonment for the term of sixty days; and that he has since his release been an employee of Mustakas in and about said premises. The evidence fails to show that Dumel is the owner of the premises, and is not sufficient to justify the inference that he is directly or indirectly pecuniarily interested with Mustakas in the business being carried on at that place. A mere employee is not one who is pecuniarily interested within the meaning of the act.

For these reasons our review of the record on certiorari requires us to hold that the court below exceeded its proper legal discretion in revoking the license issued to John Mustakas. The order is reversed.