## Revocation of Marchesani's License.

Argued May 1, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Harry A. Mackey,* with him *William P. Cairo* and *George C. Klauder,* for appellant.

*Thomas I. Guerin,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY CUNNINGHAM, J., July 10, 1936:

This appeal is from an order of the court below revoking a restaurant liquor license (granted for the year 1935 by the Pennsylvania Liquor Control Board, under the provisions of the "Pennsylvania Liquor Control Act" of November 29, 1933, P. L. 15, Special Session, 47 PS §744,) upon the ground that it had been procured by fraudulent misrepresentations made by the holder, Nicholas Marchesani, in his application.

It was not charged that appellant had violated any liquor law subsequent to the granting of the license and, therefore, his bond was not forfeited. See Mark's License, 115 Pa. Superior Ct. 256, 266, 176 A. 254.

The matter is now before us in the nature of a certiorari and the extent of our duty is to inspect the record as to the regularity of the proceeding and to examine the testimony for the purpose of ascertaining whether the order is supported by any competent evidence; we do not weigh conflicting evidence in such cases: Mark's License, supra; Mustakas' License, 115 Pa. Superior Ct. 267, 176 A. 259.

The representations which the Attorney General charges were false and made for a fraudulent purpose related to the actual ownership, management and control of the licensed premises—1200 Reed Street, Philadelphia,—and to the profits and benefits which would accrue through the possession of the license.

That false swearing in an application prepared pursuant to the statute and the regulations of the board, resulting in the securing by an applicant of a license which would not have been granted if the truth had been disclosed, is such a violation of a "regulation of the board relating to liquor" as will justify the re-

vocation of the license, under section 410 of the statute, was decided by this court in Wolf's License, 115 Pa. Superior Ct. 514, 521, 176 A. 260.

In his application for the license here in question appellant swore the "owner of the property" in which the restaurant is established is Maria Mattioli; that she resides there; that appellant is the lessee and manager of the restaurant; and that he alone "will profit from operation under [the] license."

The material averment of the Attorney General's petition for revocation reads: "At the time of the issuance of the said restaurant liquor license, and at the present time, the real, actual and beneficial owner and proprietor of the said licensed premises is one Michael Mattioli, which Michael Mattioli, and not the licensee, exercises and enjoys the privileges and profits accruing from such restaurant liquor license."

It was not contested at the hearing that Michael Mattioli is an alien and, therefore, incompetent, under section 402, to obtain a license. Nor was it questioned that Mattioli and his family live in the building in which the restaurant is located—record title to the real estate being in the name of his wife, Maria.

No attack is made upon the regularity of the proceeding. Appellant did not appear at the first hearing, but a rehearing was granted at which he was present with his counsel and was afforded a full opportunity to meet the charges contained in the petition and supporting evidence.

Certain admissions made by appellant while upon the stand are rather significant. His application shows he does not live on the premises; his address is given as 1524 South 18th Street. He testified Mattioli owns the "fixtures, the tables, chairs and everything in the place," and that Mattioli and his wife and son are employed by him. Although appellant said he received a substantial sum as compensation for accidental in-

juries, he admitted he paid "nothing for the business," had no bank account, and kept no accurate record of the receipts from the restaurant. His statement was that he gave his money to a sister who deposited it in a bank, but the sister was not called. Appellant testified he paid the Mattiolis' $60 per month as rent, and paid Mattioli $18 per week and Maria $12 as wages. The testimony contains several references to a lease but no lease was produced at the hearing.

In addition there was testimony by enforcement officers, who visited the premises upon three occasions, to the effect that upon two of these visits they found Mattioli in charge of the restaurant and were told by him that he was the "boss," but when they disclosed their identity appellant was sent for. An inspection of the bills for gas and electricity disclosed they were all in Mattioli's name. We have reviewed enough of the testimony to indicate its character.

The presiding judge, PARRY, J., who saw and heard the witnesses, drew the inference from all the circumstances disclosed by the evidence that the license "was obtained as the result of fraud and misrepresentation in the application therefor as to the actual ownership, management and control" of the premises, and that Mattioli was the "actual and beneficial owner" thereof, and profited from their operation under the license. The dividing line for cases of this class is defined by Mark's License, supra, upon one side and Mustakas' License, supra, on the other. Upon a review of this record, we find thereon competent evidence supporting the conclusions of the court below; its weight and the credibility of the witnesses were for that tribunal and not for our independent judgment.

Order affirmed.