# JAMES CRAWLEY ET AL. v. COMMONWEALTH.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 29, 1888—Decided January 7, 1889.

1. The liability of the obligors upon a license bond given under the act of April 10, 1873, P. L. 601, supplementary to the act of April 3, 1872, P. L. 843, regulating the sale of liquors in the county of Allegheny, is determined by the provisions of the statutes under which the license was granted and bond given.
2. Wherefore, the operation of the bond is restricted to the collection of judgments recovered and fines imposed for violations of the act of 1872 and its supplements, and does not extend to the collection of fines and penalties imposed for violations of the act of February 26, 1855, P. L. 53, prohibiting the sale of liquors on Sunday.

3. A bond given upon the granting of a license under said act of 1872, and conditioned that the licensee " shall pay all damages, fines, costs and penalties that may be recovered against him," is in form as well as substance a sufficient compliance with said act of 1873, and is not unrestricted as a voluntary bond.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK, WILLIAMS and HAND, JJ.

No. 161 October Term 1888, Sup. Ct.; court below, No. 106 July Term 1888, C. P. No. 2.

On April 21, 1888, an action of assumpsit was brought in the name of the commonwealth, as well for the use of the Guardians for the Relief and Employment of the Poor of the city of Pittsburgh, now for the use of the city of Pittsburgh, as for the use of A. Wishart, against James Crawley, J. C. Buffum and M. Klein.

The statement filed with the præcipe set forth in substance that on January 31, 1887, a license was lawfully issued to James Crawley to keep a tavern for one year from February 1, 1887, after he had given a bond to the commonwealth, with J. C. Buffum and M. Klein as sureties, in the sum of $2,000 conditioned as follows :

" That if the above named James Crawley, this day licensed, shall well and faithfully observe and fulfil all the duties relating to the business of tavern [sic], and shall pay all damages, fines, costs and penalties that may be recovered against him, without any fraud or evasion, then this obligation to be void, otherwise," etc.

There was then averred the recovery of judgments for penalties and costs, in seven several actions before aldermen in the city of Pittsburgh, for selling liquor on Sunday, in violation of the provisions of § 1, act of February 26, 1855, P. L. 53, and its supplement, act of April 29, 1867, P. L. 95; that all of said judgments, with the costs thereon, remained unpaid and unsatisfied, and that A. Wishart, one of the use plaintiffs, was not a witness in•any one of said cases.

The averments of the affidavit of defence filed were in substance as follows:

1. That the said license was granted to James Crawley under the act of April 3, 1872, P. L. 843, regulating the sale of liquors

in Allegheny county, and the bond was given as provided for by the supplementary act of April 10, 1873, P. L. 601, and no judgment within the meaning of said acts of assembly had been recovered against said James Crawley.

2. That, as defendants were advised, the act of February 26, 1855, P. L. 53, and its supplementary act of April 29, 1867, P. L. 95, under which the suits referred to in the statement were instituted, were not in force in Allegheny county at the time of the approval and filing of said bond, to wit: January 31, 1887.

3. That the judgments recovered, as recited in said statement, were not recovered for any violation of, or by any action instituted under, said act of 1872, the act under which the license was issued, or the act of 1873, under which the bond was given and accepted; nor do they show any fines, costs or penalties imposed on the trial of any indictment for violation of said acts or any other act regulating the sale of intoxicating liquors.

On June 30, 1888, the court, EWING, P. J., without opinion filed, made absolute a rule for judgment for want of a sufficient affidavit of defence, and judgment was then entered for the plaintiffs, upon the præcipe of counsel, for $829.89. Thereupon the defendants took this writ, assigning as error the order directing the entry of judgment.

*Mr. Joseph Stadtfeld,* for the plaintiffs in error:

1. The act of April 10, 1873, P. L. 601, requires the condition of the bond to be that the licensee "shall pay all fines and forfeitures that may be recovered against him," etc. The condition of the bond in suit is, that the licensee "shall pay all damages, fines, costs, and penalties that may be recovered against him," etc. A variance between a statutory bond and that required by the statute, is fatal to its validity: Commonwealth v. Laub, 1 W. & S. 263; Farmers Bank v. Boyer, 16 S. & R. 49; Warner v. Racey, 20 Johns. 74; Sullivan v. Alexander, 19 Johns. 233; Beacom v. Holmes, 13 S. & R. 190; McClelland v. Smith, 12 Pa. 303; Hellings v. Poor Directors, 15 Pa. 413; McKee v. Stannard, 14 S. & R. 380.

2. But if the foregoing be not agreed to, we then submit that, the bonding having been given with reference to the stat-

ute, it must be construed by the statute, so that the unnecessarily comprehensive language of the bond will be restricted in its operation to what may be lawfully included therein : Bailies on Sureties and Guarantors, §§ 9, 10 ; Pybus v. Gibb, 6 El. & B. 902 ; Miller v. Stewart, 9 Wheat. 702 ; United States v. Kirkpatrick, 9 Wheat. 732 ; Stockwell v. Kemp, 4 McLean 81 ; Wood v. Fisk, 63 N. Y. 246 ; Fielden v. Lahens, 6 Blatch. 524 ; Crouse v. Commonwealth, 87 Pa. 168.

3. By § 31, act of 1872, any sale or giving away of liquors contrary to the provisions of the act is a misdemeanor, and a fine is imposed upon conviction of the offence upon an indictment in the Court of Quarter Sessions. By the act of 1873, the form of the condition of the bond required is provided. Before any cause of action upon the bond can arise, therefore, there must have been a conviction and judgment against the licensee, under and in the manner prescribed by the act. A judgment in a qui tam action is not a conviction : Carlisle v. Baker, 1 Y. 471 ; Specht v. Commonwealth, 24 Pa. 105.

4. Moreover, the act of February 26, 1855, P. L. 53, prohibiting the sale of intoxicating liquors on Sunday, is repealed so far as Allegheny county is concerned by the act of April 3, 1872, P. L. 843 : Commonwealth v. Gedikoh, 101 Pa. 355. And the act of April 3, 1872, is repealed by the act of May 13, 1887, P. L. 108 : Commonwealth v. McCandless, Treasurer, 34 P. L. J., O. S., 330; s. c. 10 Cent. R. 758; Sanders v. Commonwealth, 117 Pa. 293.

*Mr. William Yost* (with him *Mr. John Rebman* and *Mr. Wm. C. Moreland*), for the defendants in error :

1. Though the bond sued on so far differed from the requirements of the statute as to be void as a statutory obligation, yet being voluntarily given to secure a valuable privilege, it would be good at common law: United States v. Hodson, 10 Wal. 409 ; Jessup v. United States, 16 Otto 152 ; Claasen v. Shaw, 5 W. 468 ; Wright v. Keyes, 103 Pa. 567. The bond in this case was in no sense compulsory, as were the bonds under the insolvent laws discussed in the cases cited by the defendants.

2. The act of May 13, 1887, contained a saving clause preserving all licenses granted prior to June 30, 1887. It operated

from its date both upon existing licenses and unlicensed venders, and at once worked a repeal of the local act of 1872 (especially § 1, which expressly repealed or held in abeyance in Allegheny county all the general liquor laws of the state), and at once revived those general laws, so that one holding an unexpired license under the act of 1872, who sold on July 4, 1887, was held liable to prosecution under the revived general act of February 26, 1855: Durr v. Commonwealth, 3 Pa. C. C. R. 525, affirmed by the Supreme Court in Durr v. Commonwealth, 11 Cent. R. 181. Under these decisions it is plain that whether all the provisions of the local act of 1872 were at once canceled or not, the same reasoning which shows that § 14, as to transfers of licenses, was at once repealed: Van Buren's License, 35 P. L. J., O. S., 415, also shows that the proceedings by scire facias on these bonds was at the same time repealed, and if so, a common law action in this case was the only remedy remaining to the commonwealth.

3. Judgments for penalties sued for do constitute a conviction: Garman v. Gamble, 10 W. 382. In Crouse v. Commonwealth, 87 Pa. 168, the plain words of the bond precluded a recovery. In Lightner v. Commonwealth, 31 Pa. 341, the condition of the license bond was identical with that sued upon, as to the observance of the duties of the licensee, and the terms of the bond were rigidly enforced. So in Stehle v. Commonwealth, 34 P. L. J., O. S., 147 ; s. c., 5 Cent. R. 554. And in Sanders v. Commonwealth, 117 Pa. 293, the offence was committed by an unlicensed vender who was indicted before the passage of the act of 1887, and he sought but failed to escape on the specious plea that the only law in force when his offence was committed had been repealed.

OPINION, MR. JUSTICE STERRETT:

The averments contained in the statement and affidavit of claim filed by plaintiff below, are substantially as follows, viz.: That on January 31, 1887, Crawley, one of the defendants, was licensed to keep a tavern in the city of Pittsburgh for one year, and gave the bond in suit, with the other defendants as sureties, conditioned for the faithful observance of the duties relating to that business, and for the payment of "all damages, fines, costs, and penalties that may be recovered against him,"

which bond was then approved by the county treasurer, and filed in his office as required by the law under which the license was granted; that seven separate actions, specified in the statement, were brought against Crawley at divers times between September, 1887, and April, 1888, under the provisions of the act of February 26, 1855, for alleged violations of said act by selling liquor on Sunday, during the continuance of said license, and said suits were so prosecuted that judgments for certain penalties, provided by the act, were recovered against him, all of which judgments are now final and remain unpaid.

This suit, on the license bond, was brought against the licensee and his sureties to recover the aggregate amount of those judgments, $750, and interest.

The general ground of defence, disclosed by the affidavit of defendants below, is that the license bond does not embrace judgments for penalties under the act of 1855, because that act was not in force in Allegheny county when the bond was given, but more especially because it was given in pursuance of the act of April 3, 1872, P. L. 843, and its supplements, under which the license was granted; and, by the supplement of 1873, proceedings on the license bond are expressly limited to judgments recovered against the licensee for violations of said act of 1872 and its supplements.

The act last mentioned, entitled "An act to regulate the sale of intoxicating liquors in the county of Allegheny," repealed all laws and parts of laws in force relative to the sale of vinous, spirituous, malt, or brewed liquors or any admixture thereof in said county; and, in connection with its supplements, substituted a new and independent system regulating the sale of intoxicating liquors in that county. The supplement of April 10, 1873, prescribes the form of bond to be given by licensees under the act, viz.: bond in $2,000 with two sufficient sureties to be approved by the county treasurer, conditioned that he "shall well and faithfully observe and fulfil all the duties relating to the business, and pay all fines and forfeitures that may be recovered against him; and then, as explanatory of what fines and forfeitures are intended, it declares: "Said bond shall be filed in the office of the county treasurer, and whenever judgment for any forfeiture or fine

shall have been recovered . . . . . for any violation of the laws aforesaid, the same proceedings shall be had," etc. The "laws aforesaid" are the act of April 3, 1872, and its supplements. The 27th section of the act prohibits selling on Sunday, and the penalty therefor is prescribed by the 31st section. It is very evident that the clause of the supplement, above quoted, declaring when, and under what circumstances, proceedings on the license bond should be had, was intended to restrict and limit the operation of the bond to the collection of judgments recovered against the licensee and fines imposed on him for violations of the act of 1872 and its supplements, and nothing else. The act might have been so drawn as to embrace any judgment that might have been recovered against him under the law then in force, or, as it might be changed by subsequent legislation, but the law-making power did not see fit to do so. The measure of the sureties' liability must, therefore, be determined by the law under which the license was granted and bond given. To do anything else would be to increase their obligation without their consent. It follows, therefore, that inasmuch as the judgments sought to be recovered in this suit were obtained in proceedings under the act of 1855, for violations of its provisions, and not for violations of the act under which the bond in suit was given, the judgment for want of a sufficient affidavit of defence was erroneous.

It has been urged with great plausibility that because the condition of the bond in suit differs from that prescribed by the supplement of 1873, it should be treated as a voluntary common law obligation and not as a bond given in pursuance of the act. This position is more plausible than sound. The only discrepancy is in the phraseology of a single clause in the condition. That of the bond in suit is, "shall pay all damages, fines, costs, and penalties," while the other is, "shall pay all fines and forfeitures." The word "penalties," as employed in the former, is the synonym of "forfeitures" in the latter. In the sense in which they are respectively used, both words mean liability to pay a certain sum of money, a forfeiture or penalty of so many dollars. The words "damages" and "costs" are not required by the statutory form and may therefore be treated as surplusage. Utile per inutile non vitiatur. In form, as well as substance, the bond in suit may be

regarded as a substantial compliance with the requirements of the supplement. It cannot be doubted that it was tendered and accepted as such; and, if it meets the requirements of the statute, it would be grossly unjust to treat it as a voluntary bond having no reference to the provisions of the supplement, and, therefore, unaffected by the restricted liability impressed upon it by that act.

Whatever may have been the effect of the act of May 13, 1887, P. L. 108, on the liability of the licensee, outside the bond, it did not increase that of his sureties. In Sanders v. Commonwealth, 117 Pa. 293, this court held that the effect of the third section of that act "is to permit the granting of licenses under former laws up to the 30th of June, 1887. This necessarily keeps in full force all the provisions and penalties connected with the granting of such licenses, not only up to the time aforesaid but until the expiration of such licenses. It would be a curious legal anomaly to hold that the liquor vender might have his license under the former act and yet be exempt from the conditions to which, by the same act, it was made subject." The license in this case was granted, before the passage of the act of 1887, for one year from February 1st of that year. During that year there was nothing to exempt the licensee from the provisions and penalties of the law under which his license was granted; and, if he incurred any penalty, covered by the condition of his license bond, and had been prosecuted to judgment for the same, his sureties would doubtless have been liable in accordance with the provisions of the law under which the license was granted. The sum claimed in this case is the aggregate amount of judgments recovered under the provisions of an act not in force until after the license was granted. Other questions, of subordinate importance, are suggested by the record, but it is unnecessary to notice them.

Judgment reversed.