## Commonwealth v. Sands et al.

*Robert W. Trembath* and *Davis R. Hobbs*, for petitioner.

*Joseph F. Ogden*, district attorney, for Commonwealth.

FARR, P. J., August 6, 1936.—This proceeding is a rule to open judgment. The judgment was entered upon a bond given in connection with a malt liquor license granted to Stanley Sands on May 27, 1935. The license was revoked on May 8, 1936, and the bond forfeited, upon proof that alcoholic liquors were kept on the premises

in violation of section 23 (*n*) of the Beverage License Law of July 18, 1935, P. L. 1217.

A rule was taken on May 27, 1936, to strike off the forfeiture of the bond for the reasons: (1) That the possession of liquor upon the licensed premises is not a breach of the condition of the bond; (2) that the bond in question was given under the Beverage License Law of May 3, 1933, P. L. 252, sec. 18, and is a statutory bond and must be construed under the act under which it was given; (3) that the law prohibiting the possession of liquor on the licensed premises is not a law relating to the sale of beverages.

On May 16, 1936, upon the præcipe of the district attorney, judgment was entered upon the bond to the above number and term. On June 2, 1936, the bondsmen petitioned the court for a rule to show cause why the judgment should not be opened, averring that no breach of the conditions of the bond was committed and also that no breach of the conditions of the bond was found by the court of quarter sessions in forfeiting the bond. Upon presentation of this petition the court refused to grant the rule, but later, upon the argument of the rule to strike off the forfeiture of the bond, the court, being convinced that there was merit in the contention of the petitioners, granted the rule to open the judgment and stayed the proceedings pending the rule. Upon further consideration concerning the rule to strike off the forfeiture of the bond, the court made that rule absolute and revoked the former order forfeiting the bond: Sands' License, 27 D. & C. 364. In consequence of that action the judgment must fall.

The bond on which judgment was entered was given under the Beverage License Law of 1933, which contained no prohibition against the possession of alcoholic liquors upon the licensed premises. About two months later the Beverage License Law of 1935, a reënactment and amendment of that of 1933, was passed, and it contained a new subsection (*n*) of section 23, which provides that it shall be unlawful:

"For any distributor, importing distributor, retailer to have in his possession on any licensed premises, or to permit the storage on the licensed premises, of any spirituous, vinous or alcoholic liquors or alcohol of any sort except malt or brewed beverages."

The license was revoked and the bond was forfeited for the violation of this subsection, the officers having found upon the licensed premises whisky and gin. The enactment of this subsection following the execution of the bond would cast upon the bondsmen an additional hazard not contemplated by the Act of 1933 or in the bond, and for that reason the court was without authority to forfeit the bond: Crawley et al. v. Commonwealth, 123 Pa. 275.

The condition of the bond is:

"NOW THEREFORE, the condition of this obligation is such that if upon and after the issue of such license the above bounden principal shall fully and faithfully observe the provisions of all of the laws of the Commonwealth relating to the sale of beverages and all laws relating to the manufacture, sale or transportation of alcohol or of any other alcoholic beverages, then this obligation shall be void; otherwise it shall remain in full force, virtue and effect."

The possession of alcohol upon the licensed premises was not a violation of the law relating to the sale of beverages or relating to the manufacture, sale or transportation of alcohol or alcoholic beverages, and therefore, for these reasons, the court erred in forfeiting the recognizance: Revocation of Mark's License, 115 Pa. Superior Ct. 256, 266.

Accompanying this bond when entered to judgment there was no affidavit of default and no copy of the opinion forfeiting the bond, nor was there an allegation of breach thereof or of its forfeiture. If a similar duty should again devolve upon the district attorney he will observe these precautions.

The foundation sustaining the judgment having been removed, it would be a vain thing to open the judgment, there being no issue or questions of fact to be determined; therefore, this will be treated as a rule to strike off: Stevenson v. Virtue, 13 Pa. Superior Ct. 103.

And now August 6, 1936, for the reasons given, the judgment entered upon said bond to no. 68, June term, 1936, is stricken off.