Opinion by
 

 Stadtfeld, J.,
 

 This matter comes before the court on appeal by the Commonwealth of Pennsylvania from the decree of the Court of Quarter Sessions of Carbon County revoking its prior .order of forfeiture of a malt liquor license
 
 *332
 
 bond, in a revocation proceeding instituted by the Attorney General against Frank Nicholas, the licensee and principal on the bond.
 

 On May 23, 1935, Frank Nicholas executed and filed with the County Treasurer of Carbon County, on the form provided and approved by the treasurer, an application for a retail malt liquor license, under and pursuant to the provisions of the Act of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, Special Session, P. L.,75,.for premises located on Market Street in Park View, Banks Township, Carbon County, Pennsylvania. (
 

 The application was accompanied by a surety bond, executed by the applicant as principal and M. A. Bonacci and Giles Evans as sureties, in the penal sum of $1,000, in the form required of all applicants for a retail malt liquor license.
 

 On May 31, 1935, the County Treasurer of Carbon County granted and issued to Frank Nicholas a retail malt liquor license for the license year beginning June 1, 1935 and ending May 31, 1936, authorizing him to sell only malt liquor at the premises described in his application.
 

 On May 21, 1936, the Attorney General filed in the Court of Quarter Sessions of Carbon County, his petition to revoke the license issued to Frank Nicholas and to forfeit the license bond on the ground that the licensee possessed on the licensed premises alcoholic liquor and alcohol, in violation of the Act of July 18, 1935, P. L. 1217.
 

 On July 7, 1936, after hearing,,the court revoked the license and forfeited the license bond in an opinion and order filed by Thomas, P. J.
 

 On January ,15,1937, M. A- Bonacci and Giles Evans, the sureties on the said license bond, filed their petition to revoke the order forfeiting the bond. Whereupon, a rule was granted to which an answer was duly filed.
 

 
 *333
 
 On May 25,1937, the court made absolute the rule to show cause, and revoked that part of its order of July 7,1936 forfeiting the bond.
 

 It is from this order and decree that this appeal has been taken. Frank Nicholas, the licensee, did not join with the sureties in the proceeding in the Carbon County court.
 

 The Act of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, Special Session P. L. 75 provides, inter alia, as follows: “No license shall be issued to any distributor or retailer, or railroad, pullman or steamship company, until the licensee shall have first executed a bond to the Commonwealth of Pennsylvania, and a warrant of attorney’ to confess judgment, in the penal sum hereinafter prescribed and with sufficient sureties, either personal or a surety company authorized to do business in this Commonwealth. Such bonds shall not be accepted until approved by the treasurer in the case of licenses issued to retailers and distributors, and by the Department of Revenue in the case of licenses issued to railroad, pullman or steamship companies. All such bonds shall be conditioned for the faithful observance of all the laws of this Commonwealth relating to the sale of beverages, or relating to the manufacture, sale or transportation of alcohol or any other alcoholic beverages.......Every such bond shall be turned over to the district attorney, or the Attorney General, as the case may be, to be sued out if, and when, the licensee’s license shall have been revoked as herein provided.”' The bond in the instant case was conditioned as provided under said Act as amended.
 

 Section 23 of the Act of July 18, 1935 P. L. 1217 provides: “It shall be unlawful — (n) For any distributor, importing distributor, retailer to have in his possession on any licensed premises, or permit the storage on the licensed premises, of any spirituous, vinous, or aleo
 
 *334
 
 holic liquors or alcohol of any sort except malt or brewed beverages.”
 

 The questions involved are: (1) Is the possession of liquor upon the licensed premises a breach of the condition of the bond? (2) Is the bond to be construed solely under the Act of May 3, 1933, P. L. 252?
 

 The court revoked the license and forfeited the license bond for violation not of the law in effect at the time the license was issued and bond filed, but for the violation of a law of this Commonwealth enacted thereafter. The Beverage License Law of 1933 contained no provision relating to the
 
 possession
 
 of alcoholic beverages upon the licensed premises. This the Act of 1935 prohibited.
 

 Where a bond is given under the authority of a statute in force when it is executed, in the absence of anything appearing to show a different intention, it will be presumed that the intention of the parties was to execute such a bond as the law required, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute and the construction given to the statute by the courts. The agreement of the surety must be strictly construed. His responsibility may not be extended by implication, beyond the terms of the bond. An additional liability, which his contract does not clearly show to have been within the reasonable contemplation and intention of the parties to it when it was made, cannot be imposed upon him by the subsequent action of the obligee or the principal in the bond. Hence, the condition of the bond in the instant case is not to be construed under the Act of July 18, 1935, P. L. 1217.
 

 The principle governing the instant case is clearly set forth in
 
 Crawley et al. v. Com.,
 
 123 Pa. 275, 16 A. 416. In that case, the condition of the license bond given by a tavern licensee under the Act of April 10,
 
 *335
 
 1873, P. L. 601, which supplemented the Act of April 3,1872, P. L. 843, was for the faithful observance of the duties relating to the licensed business and for the payment of all damages, fines, costs and penalties that may be recovered against him.
 

 Suit was instituted on the license bond to recover the total amount of judgments obtained against the licensee for Sunday sale violations of the Act of February 26, 1855, P. L. 53, and its supplement, the Act of April 29,1867, P. L. 95, and not for Sunday sale violations of the act and its supplement under which the license was issued and the bond executed and filed. Judgment was entered for want of a sufficient affidavit of defense and the Supreme Court held that this judgment was erroneous.
 

 Mr. Justice Stebbett, in delivering the opinion of the Supreme Court, said relative to the license bond (pp. 280, 281): “ ‘Said bond shall be filed in the office of the county treasurer., and whenever judgment for any forfeiture or fine shall have been recovered......for any violation of the laws aforesaid, the same proceedings shall be had,’ etc. The ‘laws aforesaid’ are the act of April 3, 1872, and its supplements. The 27th section of the act prohibits selling on Sunday, and the penalty therefor is prescribed by the 31st section. It is very evident that the clause of the supplement, above quoted, declaring when, and under what circumstances, proceedings on the license bond should be had, was intended to restrict and limit the operation of the bond to the collection of judgments recovered against the licensee and fines imposed on him for violations of the act of 1872 and its supplements, and nothing else. The act might have been so drawn as to embrace any judgment that might have been recovered against him under the law then in force, or, as it might be changed by subsequent legislation, but the law-making power did not see fit to do so. The measure of the sureties’ liability
 
 *336
 
 must, therefore, be determined by the law under which the license was granted and bond given......”
 

 The law prohibiting the
 
 possession
 
 of liquor on the licensed premises is not a law relating to the
 
 sale
 
 of beverages.
 

 The possession of liquor upon the premises of a retail malt beverage licensee is, therefore, not a breach of the condition of the bond executed prior to the Act of July 18, 1935.
 

 The assignment of error is overruled and the order of the court below affirmed.