## Hallowaty Liquor License Case.

Argued March 15, 1939.

lowaty and Continental Casualty Company. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

William J. Fahey, of Lenahan, Fahey & Casper, with him Metzger & Wickersham, for appellant.

Horace A. Segelbaum, Deputy Attorney General, with him Claude T. Reno, Attorney General, for appellee.

OPINION BY CUNNINGHAM, J., July 13, 1939:

This case is similar to, and its disposition ruled by, *Penelope Club Liquor License Case*, 136 Pa. Superior Ct. 505, 7 A. 2d 558. The statutes involved are: the "Beverage License Law" of July 18, 1935, P. L. 1217, and the new "Beverage License Law" of June 16, 1937, P. L. 1827, (47 PS§84), reenacting and amending the above cited Act of 1935.

On June 1, 1937, the treasurer of Schuylkill County issued a retail dispenser's license to Mary Hallowaty for premises in Frackville Borough. It was issued under the Act of 1935, and, as required by Section 18 thereof, the bond here in question was given in the sum of $1,000, conditioned that the licensee should "fully and faithfully observe the provisions of all the laws of this Commonwealth relating to the sale of beverages and all laws relating to the manufacture, sale or transportation of alcohol or of any other alcoholic beverages." Continental Casualty Company, appellant herein, executed the bond as surety and by its terms expressly agreed with the Commonwealth that upon the revocation of the license for the violation by the principal of "any laws of this Commonwealth relating to the sale

of beverages ...... during the continuance of said license the full amount of this bond shall be due and payable."

On May 27, 1938, a date prior to the expiration of the license year, the Pennsylvania Liquor Control Board, acting under the provisions of Section 13(c) of the Act of 1937, revoked the license and forfeited the bond. The licensee did not avail herself of the right given her by that section to appeal to the quarter sessions from the action of the board. One of the grounds assigned by the board was that "the licensee furnished malt or brewed beverages to minors on the licensed premises." The selling, furnishing or giving of such beverages by a licensee to any minor was prohibited by Section 23(c) of the Act of 1935. Judgment having been entered in the court below upon the bond, by virtue of the warrant of attorney therein contained, and the surety's rule to open the same having been discharged, this appeal by it followed. Under the provisions of Sections 13 and 18 of the Act of 1935, under which the bond was given, the method prescribed for the revocation of retail licenses and the forfeiting of bonds was by petition to, and the entering of orders by, the court of quarter sessions of the county in which the licensed premises are located.

Stated in the language of counsel for appellant, the question involved upon this appeal, and the only one, is: "May a bond given to a county treasurer to accompany an application for a retail dispenser's license, under the jurisdiction of the Act of July 18, 1935, P. L. 1217, be forfeited as against the surety by Pennsylvania Liquor Control Board under the provisions of the Act of June 16, 1937, P. L. 1827?" This query is identical with the question considered and disposed of by us in discussing the second proposition of the same appellant in the Penelope Club case. For the reasons there stated at length the single assignment of error in this case must be overruled.

Order affirmed.