## Penelope Club Liquor License Case.

506

Argued March 15, 1939.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Edward E. Petrillo,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY CUNNINGHAM, J., July 13, 1939:

On May 1, 1937, the Pennsylvania Liquor Control Board issued to the Penelope Club, for premises in the city of Pittsburgh, a Club Liquor License under the provisions of Section 401 of the "Pennsylvania Liquor Control Act" of July 18, 1935, P. L. 1246, No. 399. As required by Section 406, the applicant filed with the board a surety bond, payable to the Commonwealth of Pennsylvania, in the amount of $2,000 and containing a warrant of attorney to confess judgment, upon which Continental Casualty Company, appellant herein, became surety. The bond, after reciting the issuing of the license to the Penelope Club, provided, inter alia, as follows:

"Now therefore, the condition of this obligation is such that if upon and after the issuance of such license

the above bounden principal shall fully and faithfully observe the provisions of all the laws of this Commonwealth and the rules and regulations promulgated by the Pennsylvania Liquor Control Board relating to liquors, malt or brewed beverages, and alcohol, then this obligation shall be void; otherwise it shall remain in full force, virtue and effect.

"And the obligors, jointly and severally, ...... do agree with the Commonwealth of Pennsylvania that upon violation of the said Act of July 18, 1935, No. 399, known as the Pennsylvania Liquor Control Act or of any laws of this Commonwealth and the rules and regulations promulgated by the Pennsylvania Liquor Control Board relating to liquors, malt or brewed beverages, and alcohol and upon the revocation of the license aforesaid for any such violation during the continuance of said license the full amount of this bond shall be due and payable."

During the year specified for the continuance of the license, the new "Pennsylvania Liquor Control Act" of June 16, 1937, P. L. 1762, (47 PS §744-1 et seq.) was approved and became effective on July 1, 1937. It further amended and reenacted the original Liquor Control Act of November 29, 1933, P. L. 15, as amended by the above cited Act of July 18, 1935.

Subsequent to the effective date of the Act of 1937, supra, but within the license year, viz., on April 7, 1938, the board, exercising the powers conferred upon it by Section 410 thereof, revoked the license and forfeited the bond. No appeal was taken by the licensee from the action of the board revoking its license. The appellant surety was not, nor was it entitled to be, a party to the revocation proceeding. *Com. v. McMenamin et al.,* 122 Pa. Superior Ct. 91, 184 A. 679. By virtue of the warrant of attorney therein contained, judgment was confessed upon the bond in the court below on May 20, 1938.

Thereupon, the surety obtained rules upon the Com-

monwealth to show cause why the judgment should not be stricken off, or, at least, opened to let it into a defense. The court below properly treated the proceeding as a rule to open and on November 10, 1938, entered an order, supported by an opinion by RICHARDS, President Judge of the Orphans' Court, specially presiding, discharging the rule. The present appeal is by the surety from that order.

Counsel for appellant in his oral argument and in his brief covered a rather wide range of discussion. His first proposition, however, boils down to a contention that the record shows the license was revoked for acts upon the part of the club which did not constitute violations of the Act of July 18, 1935, specifically mentioned in the condition of the bond and under which it was given, but were made unlawful for the first time by the subsequent Act of June 16, 1937.

Following this contention he invokes the principle of law that a statute requiring a bond constitutes a part of the bond and it must, therefore, be assumed the bond was executed with reference to the provisions of the statute. He also cites and relies upon our opinion in *Nicholas' Liquor License Case*, 131 Pa. Superior Ct. 330, 200 A. 313.

That case involved a Malt Liquor License granted on May 31, 1935, under the Act of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, Special Session, P. L. 75. The act under which the license was granted and the bond given contained no prohibition against the *possession* by the licensee of alcoholic liquor or alcohol on the licensed premises. The "Beverage License Law" of July 18, 1935, P. L. 1217, however, made it unlawful for any retailer to have in his *possession* on any licensed premises or permit the storage there of any "spirituous, vinous or alcoholic liquor, or alcohol of any sort except malt or brewed beverages."

During the license year, viz., on May 21, 1936, an

effort was made to revoke the license and forfeit the bond, given pursuant to the Act of 1933, supra, upon the ground of *possession* on the premises by the licensee of alcoholic liquor and alcohol. We held that the bond there in question should be construed in connection with the statute under which it was given; that the responsibility of the surety could not be extended, by implication, beyond its terms; and that it, therefore, could not be forfeited for acts of the principal which were not a violation of the statute under which the license was issued but became unlawful only by virtue of a law enacted during the current license year.

In the case now at bar the first ground assigned by the board for revoking the license and forfeiting the bond reads: "The licensee sold liquor and malt or brewed beverages to non-members." It has not been questioned that such sales were in fact made.

In order that this branch of the case may be disposed of squarely upon the first question raised by counsel for appellant we shall confine ourselves to the ground for revocation and forfeiture above stated and to the express agreement of appellant that "upon violation [by the club] of the said Act of July 18, 1935, No. 399, ...... during the continuance of said license the full amount of this bond shall be due and payable."

If we agreed with the contention of counsel for appellant that sales of liquor by a club licensee to non-members did not become unlawful until July 1, 1937— the effective date of the Act of June 16, 1937, supra— this case would be controlled by the Nicholas' case and we would reverse the order now before us.

But we do not agree with that contention. In our opinion, sales of liquor and of malt or brewed beverages by a club licensee to non-members of the club were so violative of Section 411 of the Act of July 18, 1935, that this license could lawfully have been revoked and the bond forfeited if the Act of June 16, 1937, had never been enacted.

The Act of 1935, like its predecessor of 1933 and its successor of 1937, was a comprehensive enactment through which the legislature sought to deal with every phase of the liquor problem. As respects clubs, it was declared that the word "club," as used in the act, meant a "reputable group of individuals associated together not for profit for legitimate purposes of mutual benefit, entertainment, fellowship or lawful convenience, having some primary interest and activity to which the sale of liquor shall be only secondary ...... and which regularly occupies, as owner or lessee, a clubhouse or quarters for the use of members."

By Section 401 the board was authorized to issue licenses to hotels, restaurants and clubs, for the sale of liquor and malt or brewed beverages "to *guests, patrons* or *members* for consumption on the hotel, restaurant or club premises." (Italics supplied). Hotel and restaurant licensees could also make certain sales for consumption off the premises. The sequence in which the words, "guests, patrons or members," are used in the section is significant in a statute dealing with "hotels, restaurants and clubs." The section plainly contemplates sales to *guests* of a *hotel, patrons* of a *restaurant* and *members* of a *club*.

The legislature recognized, however, that there are occasions upon which clubs are conveniently used as places for the entertainment of groups of non-members for social or business gatherings and conferences and that it would be legitimate and proper to permit the sale and furnishing of liquor and alcoholic beverages to non-members upon such occasions. It was therefore provided in Section 407 that clubs desiring to "cater to groups of non-members, either privately or for functions," shall pay, instead of the regular license fee of $50, a fee which "shall be the same as for hotels and restaurants located in the same municipality." The club here involved had not availed itself of this additional privilege.

With respect to sales by hotel, restaurant or club licensees, Section 411 of the Act of 1935, provided: "Every hotel, restaurant or club licensee may sell liquor and malt or brewed beverages by the glass, open bottle or other container, and in any mixture for consumption only in that part of the hotel or restaurant habitually used for the serving of food to guests or patrons, and, in the case of *hotels* and *clubs, to guests* or *members* in their private rooms in the hotel or club . . . . . ." (Italics supplied). Here, again, the reference is to "guests" of a hotel, "patrons" of a restaurant, and "members" of a club.

Having in mind the provisions of the statute to which we have referred, we have no difficulty in coming to the conclusion that the word "guests," as used in Section 411, was intended by the legislature to refer to and describe only "guests" of a hotel. This conclusion is strengthened by another provision of Section 411 reading: "In the case of a restaurant located in a hotel which is not operated by the owner of the hotel, and which is licensed to sell liquor under this act, liquor may be sold for consumption in that part of the restaurant habitually used for the serving of meals to *patrons,* and also to *guests* in private *guest* rooms in the hotel." (Italics supplied).

We are unable to find any authorization in the Act of 1935 for the sale of liquor or alcoholic beverages to any "guests" of a club except pursuant to a catering license obtained under the provisions of Section 407. Although there seems to have been some contrariety of opinion upon this question in the lower courts, reference may be made to the case of *McCleary Republican Club License,* 27 Delaware County Reports, 191, 197, a proceeding to revoke a club liquor license under the provisions of the Act of 1935. In that case FRONEFIELD, P. J., held: " . . . . . . it is the law that a club holding a club liquor license may not sell to non-members, and, if it does so its license is subject to revocation . . . . . ."

We agree with the conclusion thus expressed in the opinion of the court below supporting the present order: "...... a licensee having an ordinary club license [issued under the Act of 1935] may not sell liquor or beverages to non-members." Cf. *Com. v. Eclipse Lit. & Soc. Club*, 117 Pa. Superior Ct. 339, 178 A. 341.

The second question alleged by appellant to be involved under this appeal is thus stated by its counsel: "Is a forfeiture valid when declared by an administrative board in lieu of the judiciary, when the administrative body was not vested with such authority at the time when the bond was given?"

This query grows out of the fact that under the Act of 1935 the procedure prescribed for the revocation of a license and the forfeiture of the licensee's bond was by a petition of the Attorney General, the board, the district attorney of the county, or at least fifteen taxpayers, to the quarter sessions of the proper county for a decree of revocation and forfeiture upon sufficient cause shown at a hearing of which the licensee shall have had due notice; whereas the procedure under the Act of 1937 is by a citation from the board to the licensee to appear before it, a hearing before the board, and an order of revocation and forfeiture to be issued by the board for any sufficient cause.

Under neither statute did a decree of forfeiture of the bond necessarily follow from a revocation of the license; the language of each is that the tribunal revoking the license *may* forfeit the bond.

If the licensee had availed itself of the privilege granted it by Section 410 of the Act of 1937 to appeal from the action of the board to the quarter sessions and had there directly raised the question which appellant now seeks to raise in this court, the able and elaborate argument submitted by its counsel in support of his proposition, that the exercise of the discretionary power to forfeit or not to forfeit a penalty

bond is a judicial function which cannot constitutionally be delegated to an administrative board, might have deserved careful consideration.

Appellant, although not entitled to notice of the revocation proceedings or to be made a party thereto, *(Com. v. McMenamin,* supra; *Com. v. Kosutic et al.,* 122 Pa. Superior Ct. 104, 184 A. 683), now seeks to attack *collaterally* so much of the order of the board as undertook to declare a forfeiture of its bond. The matter of which it now complains relates solely to the method of ascertaining the facts which would furnish a sufficient cause for revocation of the license and forfeiture of the bond. The decree of forfeiture is not an integral part of the order of revocation; it is merely an incident thereto which may or may not follow—depending upon the grounds for the revocation: *DeLucca's Liquor License Case,* 124 Pa. Superior Ct. 500, 190 A. 195. Moreover, the forfeiture may be enforced only through resort to a court of record. Appellant's agreement with the Commonwealth was that if its principal violated the Act of 1935 it would "upon the revocation of the license for any such violation" pay the full amount of its bond. It has had its day in court upon the question of whether the acts of its principal constituted a violation of the Act of 1935.

In the absence of any constitutional provision prescribing the procedure by which the facts sufficient to justify the revocation of a liquor license shall be ascertained, the legislature was at liberty to provide the procedure it deemed wise and to change it from time to time. Appellant had no constitutional right to demand that the issue whether its principal had violated the Act of 1935 be tried, in the first instance, by a court. The granting and revocation of liquor licenses have never been matters at common law where our constitution guarantees the right of trial by jury: *Premier C. & B. Co. v. Pa. Alcohol P. B.,* 292 Pa. 127, 133, 140 A.

514

858, and cases there cited. See also *Com. v. J. & A. Moeschlin, Inc. et al.*, 314 Pa. 34, 43, 170 A. 119.

We are not convinced that any constitutional or substantive rights of appellant have been affected by the action of the legislature in transferring, during the current license year, the power to declare, in the first instance, a revocation of the license and a forfeiture of the bond from the quarter sessions to the board. As the matter complained of upon this branch of the case was, in our opinion, merely a matter of procedure, appellant cannot escape liability under its bond upon the ground suggested in its second proposition. See *Cleary v. Quaker City Cab Co.*, 285 Pa. 241, 246, 132 A. 185, and cases there cited. We have given careful consideration to all the points discussed in the able brief presented in behalf of appellant, but are not persuaded any reversible error was committed by the court below.

Order affirmed.