Commonwealth *v.* Cohen (et al., Appellant).

Argued May 6, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Edward E. Petrillo,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY STADTFELD, J., June 25, 1940:

This is an appeal by the Continental Casualty Company from the decree of the Court of Common Pleas of Dauphin County, dismissing the petition of the appellant to open the judgment entered upon its forfeited corporate surety bond filed with the application of Edward Cohen for a retail dispenser license, as required by the Act of July 18, 1935, P. L. 1217, known as the "Beverage License Law."

On June 1, 1937, upon application duly made and the filing of a license bond, the treasurer of Westmoreland County issued to Edward Cohen, trading as "Harry's Grill", a retail dispenser's license for certain premises in the City of Greensburg, County of Westmoreland, Pennsylvania. Said license was to expire on May 31,

1938. The surety bond was executed by Edward Cohen as principal and the Continental Casualty Company, appellant herein, as surety, in the penal sum of $1,000 as required by the Beverage License Law. This bond contained a warrant of attorney to confess judgment for the penal sum. The form of such bond was required under the provisions of the Beverage License Law of all applicants for retail dispensers' licenses.

On April 13, 1938, the Pennsylvania Liquor Control Board issued a citation to the said licensee to show cause why the retail dispenser's license should not be revoked and the bond forfeited by reason of the violations of the law alleged therein.

The board, after hearing, issued an order revoking the said license and forfeiting the license bond upon the following findings of fact: "(1). The licensee permitted prostitutes to frequent the licensed premises; (2) the licensee permitted solicitations of patrons on the licensed premises for immoral purposes; (3) the licensed eating establishment is not a reputable place, in that the licensee permitted rooms adjacent to the licensed premises to be used for immoral purposes; and (4) the licensee is not a reputable person, and, therefore, is ineligible to hold a retail dispenser's license."

Notice of the action of the board was given by registered mail to both the licensee and the surety on his bond. The licensee did not appeal from the order of the board, neither did he petition for a rehearing or a reconsideration of the said order.

On May 26, 1938, judgment was confessed on the bond. Thereafter, the Continental Casualty Company filed its petition to set aside or open the said judgment and a rule was allowed by the court on November 20, 1938. The Commonwealth then filed a motion to dismiss the petition and discharge the rule to open judgment. On March 3, 1939, the court, after argument, sustained the motion and dismissed the petition in an

opinion and order filed by RICHARDS, P. J., Orphans'
Court, specially presiding. From the said order and de-
cree, this appeal was filed. Edward Cohen, the licensee,
did not join with the appellant in the proceeding in
the Dauphin County Court.

The Act of July 18, 1935, P. L. 1217, amending the
Act of May 3, 1933, P. L. 252, and the Act of December
20, 1933, Special Session P. L. 75, provides, inter alia,
as follows: "No license shall be issued to any manu-
facturer, distributor, importing distributor or retailer,
or to any railroad, pullman or steamship company,
until the licensee shall have first executed a bond
to the Commonwealth of Pennsylvania, and a warrant
of attorney to confess judgment, in the penal sum here-
inafter prescribed. ...... Such bonds shall not be ac-
cepted until approved by the board or treasurer, as the
case may be. All such bonds shall be conditioned for
the faithful observance of all the laws of this Common-
wonwealth relating to the manufacture, sale, possession
or transportation of malt or brewed beverages or al-
cohol or any other alcoholic beverages. All bonds shall
be filed with and retained by the board or treasurer, as
the case may be. ...... Every such bond may be for-
feited when a license is revoked and shall be turned over
to the district attorney, or the Attorney General, as the
case may be, to be sued out for collection, if, and when,
the licensee's license shall have been revoked and his
bond forfeited as herein provided." The bond in the
instant case was conditioned as provided under said
Acts of Assembly.

While the license of Edward Cohen was in full force
and effect, the Beverage License Law of 1935, supra,
was re-enacted and amended by the Act of June 16,
1937, P. L. 1827, also known as the "Beverage License
Law." Section 23 of the latter law provides: "It shall
be unlawful ...... (XXXI) For any retail dispenser,
his servants, agents or employes, to permit persons of
ill repute, known criminals, prostitutes or minors to

frequent his licensed premises, or any premises operated in connection therewith, except minors accompanied by parents, guardians or under proper supervision."

The question involved in this case is whether the conditions of forfeiture contained in the bond are to be construed solely under the Beverage License Law of 1935 and the earlier Acts amended thereby, or under Act of 1937.

The board revoked the license and forfeited the license bond not for violation of the law in effect at the time the license was issued and the bond filed, but for the violation of the law of this Commonwealth enacted thereafter. It is true that, under the Act of 1935, a retail dispenser license could be issued only to a reputable person (Section 12, c), and only to such person who conducts a reputable, bona fide eating place (Section 6, a). Under this Act, the board, finding that either the person or the premises in question is not reputable, could properly refuse a license. This Act, however, contained no provision making *unlawful* the acts or conduct with which the licensee was subsequently charged on April 13, 1938. Such conduct was made unlawful only by the Beverage License Law of 1937. In the instant case, the bond was conditioned upon the faithful observance of all the laws of this Commonwealth, relating to manufacture, sale, or transportation of alcoholic beverages, in force at the time of the filing thereof, being prior to an enactment of the Act of 1937.

*Nicholas' Liquor License Case,* 131 Pa. Superior Ct. 330, 200 A. 313, is a case in point. It involved a Malt Liquor License granted on May 31, 1935, under the Acts of 1933, supra. The Act under which the license was granted and the bond given contained no prohibition against the *possession* by the licensee of alcoholic liquor or alcohol on the licensed premises. The Beverage License Law of 1935, supra, however, made it unlawful for any retailer to have in his possession on any licensed premises or permit the storage there of any

"spiritous, vinous or alcoholic liquor, or alcohol of any sort except malt or brewed beverages."

During the license year, viz., on May 21, 1936, an effort was made to revoke the license and forfeit the bond, given pursuant to the Act of 1933, supra, upon the ground of *possession* on the premises by the licensee of alcoholic liquor and alcohol. This court affirmed the order of the court below, revoking the license, but refusing to forfeit the bond. With reference to the question of the forfeiture of the bond, we said, p. 334: "Where a bond is given under the authority of a statute in force when it is executed, in the absence of anything appearing to show a different intention, it will be presumed that the intention of the parties was to execute such a bond as the law required, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute, and the construction of the statute given by the courts."

It was held in that case that the responsibility of the surety could not be extended by implication beyond its terms; and that it, therefore, could not be forfeited for acts of the principal which were not a violation of the statute under which the license was issued but became unlawful only by reason of a law enacted during the current license year.

Appellee contends that the Nicholas case is distinguishable from the instant case in one respect. In the former case, individual sureties executed the bond; in the latter case, a corporate surety executed the bond. Although it may be said that the rule of strict construction has been relaxed as to the contract of corporate sureties, the courts cannot, in any case, assume to alter or change the undertaking of a surety, whether it be an individual or a corporation. We cannot agree that a fair interpretation of the bond would, in the absence of an express provision, extend its conditions to violations

of statutory provisions enacted after the issuance of the license.

Therefore, it appearing from the averments contained in appellant's petition and from the undisputed facts as disclosed by the record that appellant has a meritorious defense to the board's action in forfeiting the bond, the judgment confessed thereon by warrant of attorney should have been opened.

The order of the court below is reversed, costs to be paid by appellee.