Commonwealth, Appellant, *v.* Przekop et al.

Argued March 2, 1942.

Before KELLER, P. J., BALDRIGE, STADT-
FELD, RHODES, HIRT and KENWORTHEY, JJ.

*Horace A. Segelbaum,* Deputy Attorney General,
with him *Peter J. Jurchak,* Special Deputy Attorney
General, and *Claude T. Reno,* Attorney General, for
appellant.

*Morris A. Glazier,* with him *E. F. McGovern,* for
appellees.

OPINION BY KELLER, P. J., April 15, 1942:

The Commonwealth has appealed from an order of
the court below striking off a judgment entered Sep-
tember 16, 1938 on a paper purporting to be a bond
signed by Mary Przekop, as principal, and William
Kuchinski and Amelia Deresczuk, as sureties.

The bond, apparently, was intended as a compliance
with the requirement of the Beverage License Law

(Act of July 18, 1935, P. L. 1217, amending Act of May 3, 1933, P. L. 252, as amended by Act of December 20, 1933, P. L. Sp. Sess. 1933-34, p. 75), but (1) it was in the form prescribed by the Act of May 3, 1933, supra, rather than the Act of July 18, 1935, supra, and (2) it was not dated, and (3) the location of the particular place—see sections 11(b), 12(a) and 18 [1]—covered by the license and bond, was left entirely blank. It merely stated in the recital clause that the above-bounden principal desired to "obtain a Retail Dispensers License for the year ending *May 31, 1937* at ———————— in the County of Lackawanna, under the provisions of the Act of Assembly of May 3, 1933 and Acts amendatory thereof, known as the Beverage License Law."

The affidavit of default accompanying the praecipe for judgment averred violations by the licensee of certain provisions relating to the *possession of alcoholic liquor*—as distinguished from its *manufacture, sale or transportation*—prescribed in the form of bond required by the Act of 1935, supra, which were not included in the form *prescribed* by the Acts of 1933, supra, nor contained in the bond used here. See *Nicholas Liquor License Case*, 131 Pa. Superior Ct. 330, 200 A. 313. But the affidavit of default, which was sworn to on May 11, 1938 and averred that because of said violations the principal's license had been revoked on October 15, 1937, did not aver when said alleged violations had taken place, or that any of them had occurred before May 31, 1937, the date of the expiration of the license, and, in consequence, the period of limitation of the acts of the licensee, contrary to the laws regulating the manufacture, sale or transportation of liquor, for which the sureties had made themselves liable.

---

[1] The statute requires that each application shall set forth the particular place for which the license is desired; and that a separate license must be secured for each place where malt or brewed beverages are sold; and a separate bond given for each licensed place.

These were individual *sureties,* who are favorites in the law, and are to be distinguished from corporate sureties, organized to go on such bonds for profit, which are, in all essential particulars, insurance companies: *Young v. American Bonding Co.,* 228 Pa. 373, 380, 77 A. 623. While the *principal* might be chargeable, as if the bond had been written in the terms prescribed by the Act of July 18, 1935, the liability of these *sureties* could not be extended beyond the terms of the bond they signed: *Crawley v. Com.,* 123 Pa. 275, 282, 16 A. 416; *Nicholas' Liquor License Case,* supra; *Com. v. Cohen,* 140 Pa. Superior Ct. 361, 14 A. 2d 362; *Penelope Club Liquor License Case,* 136 Pa. Superior Ct. 505, 509, 7 A. 2d 558.

We agree with the learned court below that the paper signed by these sureties was too defective to warrant confession of judgment against them. If an incompetent clerk was employed by the county treasurer, who did not know the form of bond to be used, or how to fill up the blank form, the fault cannot be laid at the door of these sureties, one of whom could not even write her name. Furthermore the affidavit of default failed to aver sufficient essential facts to warrant a confession of judgment upon the bond, even if the form prescribed by the Act of 1935 had been used.

Being defective on its face, the court committed no error in striking off the judgment as against the petitioning sureties.

Appeal dismissed.