Commonwealth *v.* Mahoningtown Railway Men's Club (et al., Appellant).

414

Argued May 6, 1940. 

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ. 

*Edward E. Petrillo,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY STADTFELD, J., June 25, 1940:

This is an appeal by the Continental Casualty Company from the decree of the Court of Common Pleas of Dauphin County, dismissing the petition of the appel-

lant to set aside or open the judgment entered upon its forfeited corporate surety bond filed with the application of Mahoningtown Railway Men's Club, for a retail dispenser license, as required by the Act of July 18, 1935, P. L. 1217, known as the "Beverage License Law".

On June 1, 1937, upon application duly made, and the filing of a license bond, the Treasurer of Lawrence County issued to the Mahoningtown Railway Men's Club, a nonprofit corporation, a retail dispenser's license for certain premises in the City of New Castle and County of Lawrence. Said license became effective June 1, 1937 and was to expire on May 31, 1938. The surety bond was executed by the Mahoningtown Railway Men's Club as principal and the Continental Casualty Company, appellant herein, as surety, in the penal sum of one thousand dollars, as required under the provisions of the Beverage License Law. This bond contained a warrant of attorney to confess judgment for the penal sum. The form of such bond was required under the provisions of the Beverage License Law of all applicants for a retail dispenser's license.

On January 7, 1938, the Court of Common Pleas of Lawrence County declared forfeited the charter, rights and franchises of the defendant corporation, the Mahoningtown Railway Men's Club. No notice of the action forfeiting the club's charter was given to the Commonwealth or the Pennsylvania Liquor Control Board until after the court's order had been made. On January 20, 1938, the Pennsylvania Liquor Control Board received notice that the charter of the said club had been revoked.

On April 26, 1938, the board issued a citation to the said licensee to show cause why the said license should not be revoked and the bond forfeited by reason of the violations of the laws alleged therein. Said citation and notice of the time of hearing, to be held on May 23, 1938, were sent by registered mail to the licensee at its licensed premises on May 12, 1938, as required by Section 13 of the Beverage License Law of 1937

(Act of June 16, 1937, P. L. 1827) which amended the Act of 1935 and which became effective during the continuance of the licensee's license. The return registered receipt card was signed "Frank Prescara, Treasurer." The licensee was not present at the said hearing, neither was it represented by counsel. The board, after hearing, issued an order on May 27, 1938, revoking the said license and forfeiting the license bond upon the following findings of fact: "(1) The licensee had and possessed liquor on the licensed premises; (2) the licensed organization failed to keep complete and truthful records covering the operation of its license; (3) the licensed organization failed to fulfill the purposes of its charter; (4) the charter of the licensed club is not in possession of the original incorporators or their direct and legitimate successors; (5) the licensed organization failed to maintain by-laws; and (6) the primary interest and activity of the licensed organization is the sale of malt or brewed beverages."

Notice of the action of the board was given by registered mail to both the licensee and the surety on its bond. The licensee did not appeal from the order of the board, nor did it petition for a reconsideration of the said order.

On July 1, 1938, judgment was confessed on the bond. Thereafter, the Continental Casualty Company filed its petition to set aside or open the said judgment and a rule was allowed by the court on November 28, 1938. The Commonwealth then filed a motion to dismiss the petition and discharge the rule to open judgment. On March 3, 1939, the court, after argument, sustained the motion and dismissed the petition in an opinion and order filed by RICHARDS, P. J., Orphans' Court, specially presiding. From the said order and decree, this appeal was filed. The Mahoningtown Railway Men's Club, the licensee, did not join with the appellant in the proceeding in the Dauphin County Court.

The sole question involved in this appeal, has been

stated by appellant company as follows: "Was the revocation of the license and forfeiture of the bond invalid because the proceedings were instituted after the dissolution of the corporation?" It is the contention of the appellant company, in other words, that no proceedings could properly be instituted against the Railway Men's Club, subsequent to the forfeiture of its charter and its dissolution, for the purpose of revoking the club's license and forfeiting the bond.

The Railway Men's Club, licensee, did not avail itself of the privilege granted it by Section 13 of the Beverage License Law of 1937, to appeal from the action of the board to the court of quarter sessions and there directly raise the question which appellant company now seeks to raise in this court. It appears that appellant is now seeking to attack collaterally the order of the board. In its petition to the court below, appellant nowhere averred, nor did it seek to prove, that the licensee club had not committed the violations of law as found by the board, or that the said violations were not those contemplated by the surety in its undertaking on the bond. The position relied on by the appellant company has already been stated as presenting the issue in this appeal.

In support of its position, appellant cites Section 1004 of the Act of May 5, 1933, P. L. 289, pertaining to the continuation of a nonprofit corporation after dissolution, and maintains that the construction of that provision does not warrant the *institution* of an action against a corporation after its dissolution. The Act of 1933, however, has been amended by the Act of July 2, 1937, P. L. 2838 (15 PS §2851) and Section 1004, as amended, provides as follows: "All nonprofit corporations, whether they expire by their own limitations or are otherwise dissolved, shall nevertheless continue to exist for a period of two years after the date of dissolution for the purpose of winding up their affairs, *instituting,* prosecuting and defending actions by or against

them, collecting and discharging obligations, disposing of and conveying their property, and collecting and dividing their assets, but not for the purpose of continuing business, except insofar as necessary for the winding up of the corporation. No action or proceeding to which a nonprofit corporation is a party shall abate by the dissolution of the corporation." (Italics supplied). The word "instituting", set off in italics, has been added by way of amendment to the original provision of the Act of 1933. There can be no question, therefore, as to the authority of the Liquor Control Board to institute action on April 26, 1938, against the licensee Club for the purpose of revoking its license.

The proceedings against the licensee club were instituted by the issuance of a citation and notice of the time of hearing. The citation and notice were sent by registered mail to the club at the licensed premises. The return registered receipt card was signed by the treasurer of the licensee club. Such notification was reasonably calculated to give the licensee knowledge of the proposed exercise of jurisdiction, and an opportunity to be heard. The legality of the notice given in the instant case follows from the authority of the board to institute the action for revocation of the club's license.

It is well established that the proceeding to revoke a license is civil in nature. See *Com. v. McMenamin et al.*, 122 Pa. Superior Ct. 91, 184 A. 679. The forfeiture of the license bond is incidental thereto, and the *Beverage License Law* contemplates recovery of the penal sum by civil proceedings through a confession of judgment.

The agreement contained in the bond executed by the licensee club and the appellant company, as surety, provided that "upon the revocation of the license aforesaid for any such violation during the continuance of said license the full amount of this bond shall be due and payable." The condition precedent having been fulfilled by the revocation of the license, the license

bond could properly be forfeited and judgment thereon confessed in accordance with the provisions contained therein.

The opening of a judgment is within the discretion of the lower court and will not be ordered unless it appears that there is a meritorious defense: *Com. v. Moeschlin,* 314 Pa. 34, 170 A. 119; *Com. v. Eclipse Lit. and Soc. Club,* 117 Pa. Superior Ct. 339, 178 A. 341. We do not think that the petition of defendant discloses any valid reason for opening the judgment.

The order of the court below is affirmed.