Per Curiam,
 

 Defendants are the principal and surety on a license bond given by them on the issuance of a Distributor’s License to defendant Lynch under the Malt Liquor License Law of December 20, 1933, P. L. 75 (Special Session), for the year ending June 1, 1935. During the license year, Lynch was convicted on an indictment charging him with selling beer for consumption on the licensed premises, contrary to §21 of the act, and he was duly sentenced. Though his license never was revoked, the County Solicitor, more than four years after his conviction, entered judgment for the penal sum of the. bond by confession in the court of common pleas. The surety has appealed from the refusal of the court to strike off the judgment.
 

 Standing alone and considered literally without relation to the Act of Assembly under which it was given, the terms of the bond lend some support to the entry of judgment. The bond is conditioned upon the observance by the licensee of .all of the laws of the Commonwealth relating to the sale of beverages, particularly, the Malt Liquor License Law of 1933. It contains a warrant to confess judgment for the penal sum and attached to the narr. or praecipe for judgment is a certificate of the criminal conviction of Lynch. On its face the record shows a violation of the law sufficient to work a forfeiture of the bond.
 

 
 *471
 
 But the defendants, by their bond, undertook no more than was required of them by the Act of 1933. The condition of the bond is in the precise language of the act, which also requires a warrant to confess judgment in the penal sum. Section 18 of the act restricts proceedings on the bond by directing that the bond “shall be turned over to the district attorney or the Attorney General......to be sued out
 
 if, and when, the licensee’s license shall have teen revoked
 
 as herein provided” i.e. by the court of quarter sessions after due notice and hearing in a proceeding brought in accordance with §13. {Italics added). The word “sued” in the phrase “to be sued out” is used in its broad sense and includes a proceeding instituted by confession of judgment. One who confesses judgment where the liability is contingent submits “to be sued” in that form of action; he still has the right to defend on the merits as effectively as in assumpsit, if sufficient grounds appear for opening the judgment. The confession of a judgment is one of a number of processes by which a person may be sued.
 
 First Nat. Bk. v. Garlinghouse,
 
 53 Barb. 615, (N. Y.). The judgment clause, in itself, therefore, conferred no jurisdiction on the common pleas.
 

 The act contains no self executing provision for revocation of the license or forfeiture of the bond upon violation of the liquor laws. There is no authority in the common pleas to entertain a proceeding ,on the bond unless the license has been revoked. Until the quarter sessions acts, the common pleas may not. The construction of the above and similar provisions in other legislation relating to liquor licenses is controlling. “Revocation......does not follow automatically from conviction under an indictment”:
 
 Com. v. McMenamin, 122
 
 Pa. Superior Ct. 91, 184 A. 679. Revocation by the quarter sessions in a proceeding in accordance with the act is a condition precedent to any action in the common pleas for the collection of the penalty.
 
 Com. v. Mahon
 
 
 *472
 

 ingtown Rwy. Men’s
 
 Club, 140 Pa. Superior Ct. 413, 14 A. 2d 356;
 
 Revocation of Mark’s
 
 License, 115 Pa. Superior Ct. 256, 176 A. 254.
 

 It follows that the court of common pleas was without authority to enter judgment on the bond.
 

 Order reversed and judgment stricken off.