## Hinds v. Rider

*Lillian G. Raycroft*, for plaintiff.
*Arthur C. Dale*, for defendants.

CAMPBELL, P.J., April 11, 1961.—On February 2, 1961, plaintiff confessed a judgment against defendants for rent in the amount of $200, plus attorney's commission and interest. Attached to the confession of judgment was a lease dated April 26, 1960, for a term of one month, with an automatic renewal provision on a month-to-month basis by reason of defendants continuing to hold over. The lease provided for a monthly rental of $40 per month, payable by mail. The confession of judgment avers that the rent remained unpaid for the months of August, September, October, November and December of 1960.

On March 27, 1961, the court, at defendants' request, granted a rule to show cause why the judgment should not be stricken. The reasons alleged were as follows: (1) That the lease is invalid because it fixes no specific place where the rent shall be paid; (2) the rent for the month of December is erroneously included in the judgment for the reason that defendants moved before they became obligated therefor, and (3) that a power of attorney to confess judgment, included in the lease, could not be exercised by plaintiff after the lease expired.

A petition to strike off and an application to open a judgment are distinct remedies and not interchangeable: 20 P.L. Encyc., Judgment, §202. It is elementary that a motion to strike off is a proper remedy where fatal defects are apparent on the face of the record, but, where the irregularity depends on matters dehors the record, it may be raised on a petition to open the judgment: Wisor v. Wisor, 175 Pa. Superior Ct. 233; Weinberg, v. Morgan, 186 Pa. Superior Ct. 322; Nixon v. Nixon, 329 Pa. 256. Courts have no power to strike a judgment regular on its face: Kros v. Bacall Textile Corporation 386 Pa. 360.

An examination of the reasons alleged by defendant for striking off the judgment indicates that only the first reason may be considered. Both of the remaining reasons can only be disposed of after the determination on facts which are not now present in the record. The record does not indicate when, if ever, plaintiff gave defendants notice to move, nor does it indicate when defendants moved, and, therefore, it is impossible to determine from the record whether or not defendants are obligated for the rent for the month of December. It furthermore does not appear when, if ever, the lease has terminated. As far as the record is concerned, the lease may still be in effect. It is true that certain allegations have been made by defendants in the petition for the rule, but these have been denied in plaintiff's answer.

We shall, therefore, consider only the question of whether or not the lease is invalid because it fixed no specific place for the rent to be paid. We believe no basis in law exists for this proposition. Defendants agreed in the lease to pay rental at the rate of $40 per month, payable by mail, which plaintiff in the confession of judgment and affidavit of default averred they failed to do. To now declare the whole lease invalid because it did not contain an address to which to mail the rent is untenable. It cannot be used as a defense against payment of rental which defendants agreed to pay. The only case cited by defendants' counsel in support of this proposition is Rea v. Eagle Transfer Co., 201 Pa. 273. This case involved the validity of a forfeiture of a lease and holds that, where no place is mentioned in the lease for the payment of rental, it is incumbent upon the landlord to make a demand upon the premises. Here, we are not concerned with a forfeiture. In this case, plaintiff has merely confessed judgment for rent due and unpaid in accordance with the terms of the lease. It is expressly authorized by statute: Act

of March 21, 1806, P. L. 558, 12 PS §738. A confession of judgment is nothing more than one of many processes by which a person may be sued: Commonwealth ex rel. Bradford County v. Lynch, 146 Pa. Superior Ct. 469. Defendants still have the right to defend on the merits if sufficient grounds appear for opening the judgment: 20 P.L. Encyc. Judgment, §21.

We, therefore, enter the following order:

And now, April 11, 1961, defendants' motion to strike is refused and rule discharged, and the parties are ordered to proceed with the sheriff's interpleader in which an issue was framed to determine title to certain items of personal property.